THOMAS J. KEENAN v. COMMISSIONERS OF NEW HANOVER COUNTY AND I. B. RHODES.

(Filed 25 November, 1914.)

1. Counties—Torts of Officers—Trespass.

Counties are instrumentalities of government given corporate powers for executing the purposes for which they were created, and, in the absence of statutory provisions, are not liable in damages for the torts of their officers. Hence, an action will not lie against a county for wrongful trespass and damages.

2. Trespass—Authorized—Adjoining Owners—Lessor and Lessee—Measure of Damages.

Where an action for wrongful trespass and damages for quarrying rock on the plaintiff's land is brought against the lessor of adjoining lands upon the theory that the defendant authorized the trespass and

entry of his lessee and received the profits, which is denied, with further defense that if the lessee quarried beyond the line of the leased land upon the plaintiff's land, it was done without his authority, the only damages recoverable by the plaintiff are for the defendant's authorized act of his lessee in going beyond the line of the leased lands and committing the trespass and for which he received the proceeds.

### 3. Trespass—Adjoining Lands—Dividing Line—Judgment Rolls—Parties—Evidence.

Where in an action for wrongful trespass and damage to lands it becomes necessary to locate the true dividing line between the parties, a judgment roll in a former action to which the defendant was not a party is incompetent as evidence against him of the location of the dividing line.

### 4. Witnesses—Hypothetical Questions—Trials—Evidence.

A hypothetical question, asked an expert witness upon evidence that the party thereafter expected to introduce, is incompetent.

APPEAL by defendants from *Allen, J.,* at February Term, 1914, of NEW HANOVER.

Civil action, tried upon these issues:

1. Is the plaintiff the owner in fee and entitled to the immediate possession of the lands and premises described in the complaint? Answer: "Yes."

2. Did the defendants wrongfully trespass upon and injure the plaintiff's property, as alleged in the complaint? Answer: "Yes."

3. What damages, if any, is the plaintiff entitled to recover against the board of commissioners of New Hanover County? Answer: "$1,400."

4. What damages, if any, is the plaintiff entitled to recover against the defendants in this action, other than the board of commissioners of New Hanover County? Answer: "$1,400."

5. Did the board of commissioners of New Hanover County enter upon and remove rock and other road-building material from the plaintiff's lands under, by virtue of, and in pursuance to a lease or contract from I. B. Rhodes? Answer: "Yes."

6. Has the board of commissioners of New Hanover County paid the said I. B. Rhodes and his personal representatives in full for all the rock and road-building material quarried from the plaintiff's land? Answer: "Yes; up to 1 February, 1914."

7. Is the plaintiff's cause of action barred by the statute of limitations? Answer: "No."

8. What damages, if any, from pumping water across the plaintiff's land? Answer: "$100."

From the judgment rendered, both defendants appealed.

*Ricaud & Jones, E. K. Bryan for plaintiff.*
*J. O. Carr, Kenan & Stacy, and J. D. Bellamy for defendants.*

BROWN, J., after stating the case: This is an action to recover damages against the board of commissioners in their corporate capacity, and also I. B. Rhodes, for entering upon the plaintiff's land and taking rock from his quarry.

The defendant Rhodes leased to the board of commissioners certain lands containing a rock quarry, upon which the defendant board entered and quarried rock for the use of the county. This action is brought to recover damages from the county of New Hanover and I. B. Rhodes for the alleged wrongful trespass.

Can the action be maintained against the county for the tort of its officials? It is well settled that counties are instrumentalities of government, and are given corporate powers to execute their purposes, and are not liable for damages for the torts of their officials in the absence of statutory provisions giving a right of action against them. *White v. Comrs.*, 90 N. C., 437; *Jones v. Comrs.*, 130 N. C., 452; *Hitch v. Comrs.*, 132 N. C., 573.

In this last case it is expressly held "That a county cannot be sued for trespass upon land or for any other tort in the absence of statutory authority." How far the individual members of the board of commissioners or others who may have committed the trespass, or directed or authorized it, may be liable, is a question not before us.

We are, therefore, of opinion that his Honor erred in rendering judgment against the board of commissioners in their corporate capacity. The defendant Rhodes is joined as a codefendant with the commissioners, and is sought to be held liable upon the theory that he authorized the trespass and entry upon the plaintiff's lands and received the proceeds of the rock quarry thereon. The evidence tends to prove that the plaintiff and Rhodes owned adjoining lands; Rhodes owning a tract of upland and the plaintiff owning a tract of lowland adjoining it.

It appears in the record that Rhodes leased, on 12 June, 1907, in consideration of certain rents specified in the written lease, to the board of commissioners a certain tract of land just beyond and east of the city of Wilmington, adjoining Mill Creek and Green's mill pond on the east, situate in the township of Harnett, county of New Hanover, as far eastwardly to a point 100 feet west of where the slaughter-house belonging to the party of the first part is now situate, and southward of said Mill Creek and Green's mill pond, for the purpose of searching for rock, stone, marl, lime, etc., and conducting mining and quarrying operations thereon.

It is claimed by the plaintiff that the defendant Rhodes leased to the board of commissioners his land, or a part thereof, and authorized and directed the said quarrying operations and other trespasses thereon. The defendant Rhodes claims that he leased to the defendant board his own

land, and that if they quarried on the plaintiff's land and beyond the dividing line, it was done without his authority. It thus became important to locate the plaintiff's land as well as that of the defendant Rhodes.

On the trial the court permitted the introduction of a judgment roll in the case of Thomas J. Keenan against the city of Wilmington and Louisa G. Wright, for the purpose of locating the boundaries between Thomas J. Keenan and the defendant Rhodes. It appears that Rhodes was not a party to said suit, and is, therefore, not bound by any judgment or decree entered therein. Such judgment would not be competent to locate division line between plaintiff and Rhodes. We think his Honor erred in admitting it as evidence against Rhodes.

The second assignment of error is as follows:

"2. That the court erred in allowing the following question and answer: 'Q. Suppose the jury should find from the evidence we hereafter expect to offer that the line of Everett ran from the corner up there at the chinquapin, at the end of the 14 poles, directly across at the Market Street road at the corner of the Catholic Cemetery, ruled on the map. If you begin at that point at the Catholic Cemetery lot, at the northeast corner, would such a situation cover the land claimed by Keenan? A. A straight line across there would take in more land than Keenan claims.' "

The exception is well taken. A hypothetical question should never be permitted upon evidence which up to that time had not been introduced. A promise to introduce it does not warrant a hypothetical question based thereon.

We do not find in the record that the promise was made good, and the evidence introduced. In *Dameron v. Lumber Co.*, 161 N. C., 496, it is held that a hypothetical question, which presupposes the existence of facts of which there is no evidence introduced, is incompetent.

The only theory upon which the plaintiff can recover damages of the defendant Rhodes in this action is that his lease to the defendant board covers some part of the plaintiff's land or that he authorized or ratified the trespasses made upon his land and received the proceeds thereof. In which case Rhodes would be liable to the plaintiff only for such actual damage as was done to the plaintiff's land by Rhodes' authority.

The motion to nonsuit as to the defendant board should have been allowed; as to the defendant Rhodes, there must be a new trial of the entire case.

New trial.