LUCILLE WIGGINS SEIBOLD v. KINSTON-LENOIR COUNTY PUBLIC LIBRARY AND THOMAS HEWITT, W. A. ALLEN, ALEX HOWARD, T. J. TURNER, MRS. WOOTEN MOSELEY AND MRS. JOHN ROWLAND, TRUSTEES OF THE KINSTON-LENOIR COUNTY PUBLIC LIBRARY.

(Filed 28 April, 1965.)

**Municipal Corporations § 10—**

The operation of a public library is a governmental function, and governmental agencies and their officers are protected against liability in tort for alleged negligence in the maintenance of such library. Constitution of North Carolina, Art. IX, § 1.

APPEAL by plaintiff from *Parker, J.,* September 1964 Session of LENOIR.

Plaintiff seeks compensation for personal injuries sustained in a fall. To justify her right to compensation, she alleged: Kinston and Lenoir County, acting pursuant to the authority given in Art. 8, c. 160 of the General Statutes, had established and were operating a public library in Kinston. Individual defendants are the officials responsible for the operation of the library. "[E]ntrance to and egress from the said public library is obtained by ascending a series of steps which reach from the ground level to a front porch and then traversing the front porch and into the front door of the library." Plaintiff, a resident of Lenoir County, went to the library to borrow and return books. After she had completed her mission, and when "descending the steps, the heel of her shoe became lodged in a crack in one of the steps." This caused her to fall.

Defendants demurred because, as they allege, it affirmatively appears that the library is a governmental agency, and individual defendants are public officials performing a governmental duty.

The demurrer was sustained. Plaintiff excepted and appealed.

*Turner and Harrison for plaintiff appellant.*
*White & Aycock for defendant appellees.*

PER CURIAM. Our forefathers, drafting our first Constitution, declared the essentials of good government and happiness of mankind are religion, morality and knowledge, § 41, Constitution of 1776; now Art. IX, § 1, of our Constitution, G.S. 4A, p. 114.

The Constitutional declaration of 1776 was not a new concept to North Carolina. More than a half century prior thereto, the provincial legislature had enacted a statute captioned: "An Act for Appointing a Town in the County of Bath and for Securing the Publick Library belonging to St. Thomas's Parish in Pamptecough," c. LII, Laws of 1715, State Records of North Carolina, Vol. XXIII, p. 73.

An adequate library is essential for the dissemination of knowledge. Recognizing this fact, the State established a State public library in 1840. The librarian was required to keep the library open for the accomodation of the public every day, except on Sundays and the Fourth of July, see c. 92, Revised Code of 1854.

The operation of a public library meets the test of "governmental function," as stated in repeated decisions rendered by this Court. *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838; *Jamison v. Charlotte,* 239 N.C. 682, 80 S.E. 2d 904; *Britt v. Wilmington,* 236 N.C. 446, 73 S.E. 2d 289; *Green v. Kitchin,* 229 N.C. 450, 50 S.E. 2d 545; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42. The Court of Appeals of Kentucky, in *Alvey v. Brigham,* 150 S.W. 2d 935, held that the operation of a free public library was the performance of a governmental function. The courts of New Jersey reached a similar conclusion in *Trustees, Free Public Library v. Civil Service Commission,* 83 Atl. 980. The Supreme Court of Illinois reached a different conclusion in *Johnston v. City of Chicago,* decided in 1913, 101 N.E. 960, Ann. Cas. 1914B 339.

Appellant relies on the *Johnston* case to support her assertion that the operation of a public library is a proprietary, rather than a governmental function, when operated by a municipality. We have examined the case carefully. We do not concur in the conclusion there reached. The argument there advanced would apply with equal force to the operation of a fire department, the operation of a fogging machine to eradicate insects, the maintenance of a police force, or the operation of public schools.

Having reached the conclusion that the service rendered was a governmental function, it follows that the governmental agency and its officers are protected against plaintiff's claim of tort liability. *Clark v. Scheld, supra; Britt v. Wilmington, supra; Stephenson v. Raleigh,* 232 N.C. 42, 59 S.E. 2d 195; *Klassette v. Drug Co.,* 227 N.C. 353, 42 S.E. 2d 411.

The judgment sustaining the demurrer is
Affirmed.