LUCILLE W. SEIBOLD v. CITY OF KINSTON AND COUNTY OF LENOIR.

(Filed 14 December, 1966.)

**1. Municipal Corporations § 4—**

Municipal corporations have only those powers expressly conferred upon them by the General Assembly, and those necessarily implied from those expressly conferred, and those powers which are essential and indispensable to, and not merely convenient for, the accomplishment of the declared objects of the corporation.

**2. Municipal Corporations §§ 5, 10—**

A municipality may be held liable for a tort committed in the discharge of a governmental function only if it has waived its governmental immunity by procuring liability insurance as authorized by G.S. 160-191.1, and then only to the extent of the insurance so obtained and in force at the time.

**3. Same—**

G.S. 160-191.1 authorizes and empowers, but does not require, a municipality to waive its governmental immunity for a tort only in regard to those torts proximately caused by the negligent operation of a motor vehicle by an officer, agent or employee of such city, and does not authorize or empower a municipality to waive its governmental immunity for injuries to a person proximately caused by its operation of a public library, and an action for such injury is properly dismissed upon the plea in bar of governmental immunity.

**4. Counties § 8—**

A county is liable for torts committed by it in the discharge of its governmental functions only if and to the extent of statutory provision waiving such immunity.

**5. Same—**

G.S. 153-9(44) authorizes and empowers a county to waive its governmental immunity for negligent injury arising out of a governmental function only to the extent that the county is indemnified by insurance from such negligence or tort.

**6. Same—**

　　A policy of insurance affording protection to a county against liability caused by negligence of named personnel and employees of the county and covering listed and described premises does not waive the county's governmental immunity for negligence in the operation of a public library when the employees of the library and library premises are not included in the policy.

**7. Same—**

　　The plea by the county of governmental immunity in an action for negligent injury is a plea in bar to be determined by the court unless the county asks for a jury trial upon the question, and therefore if plaintiff asserts that the county had waived its governmental immunity by providing insurance covering the injury in suit, and the county does not ask for a jury trial upon the issue, plaintiff must offer in evidence or force discovery of such policy of insurance upon the hearing of the plea in bar, and the contention that plaintiff would compel the production of such a policy at the trial of the action is unavailing.

**8. Appeal and Error § 49—**

　　Where the court sustains the plea in bar of governmental immunity in an action for negligent injury brought against a municipality and a county, there being no request by the municipality or the county for a jury trial in respect to the plea in bar, it will be presumed that the court on proper evidence found facts sufficient to support its judgment, there being no request in the record that the court make findings of fact and there being no findings of record.

**9. Counties § 8;　Municipal Corporations § 10;　Pleadings § 7—**

　　A plea of governmental immunity in an action for negligent injury against a municipality and a county is a plea in bar which, if established, destroys plaintiff's cause of action.

**10. Appeal and Error § 21—**

　　A sole exception and assignment of error to the judgment or to the signing of the judgment presents only the face of the record proper for review, and when no error of law appears on the face of the record proper the judgment will be affirmed.

APPEAL by plaintiff from *Bundy, J.,* April 1966 Civil Session of LENOIR.

Action *ex delicto* to recover damages sustained in a fall. Plaintiff alleges in her complaint in substance: The city of Kinston and the county of Lenoir set up and organized a public library under Article 8, Chapter 160 of the General Statutes of North Carolina, and that said county and city duly appointed a board of trustees to administer the business of the library. The said board of trustees, as agents of the city of Kinston and the county of Lenoir, was operating said joint library before, on, and after 11 May 1962. "Entrance and egress from said Public Library is obtained by ascending a series of steps which reach from the ground level to a front porch and then traversing the front porch and entering the front door of

SEIBOLD *v.* KINSTON.

said Public Library; and the plaintiff used this method of obtaining entrance to the Public Library" on 11 May 1962 for the purpose of borrowing and returning books. After the plaintiff had completed her business in the library, she sought to leave the library building by the same manner in which she had entered it, by going out the front door, across the porch, and down the front steps, and while she was descending the steps the heel of her shoe became lodged in a crack of one of the masonry steps causing her to fall and suffer severe and permanent injuries. That the negligence of defendants, which proximately caused her injuries, was a large crack in one of the steps leading from the street to the public library building, which step was in an unsafe condition to the knowledge of defendants, and that defendants failed to give any warning of the unsafe condition of this step to plaintiff or to any other person using this library building, and the defendants maintained these steps with no guardrail or handrail. That plaintiff is informed and believes and upon such information and belief alleges that each defendant has waived any defense each defendant may have by reason of governmental immunity by each defendant's purchase of insurance to protect it from liability by reason of death or injury to persons or property caused by the negligence or tort of each of the defendants or by the negligence or tort of any official or employee of each defendant.

Summons was issued 10 May 1965 to the sheriff of Lenoir County for service on the defendants, and on said date the clerk of the Superior Court entered an order extending the time within which complaint might be filed until 30 May 1965. Service of summons and the order extending the time within which complaint might be filed until 30 May 1965 was made by the sheriff on the defendants on 13 May 1965. Plaintiff filed her complaint together with an order directing service of the same on defendants on 7 June 1965, and the same were served by the sheriff upon the defendants the same day. On 23 June 1965 defendants filed a motion that plaintiff's action be dismissed on the ground that plaintiff did not file her complaint within the time allowed in the order filed by the clerk on 10 May 1965, and contended that the statute of limitations barred her action.

On 18 November 1965, Edward B. Clark, judge presiding over a term of the Superior Court of Lenoir County, heard defendants' motion to strike the complaint filed by the plaintiff, for the reason that the same was filed seven days after the time to file the same, as extended by the clerk of the Superior Court, had expired. After hearing oral argument and considering an affidavit filed by plaintiff's attorneys, Judge Clark found as a fact that neither the plaintiff nor her attorneys have been guilty of laches, and that this is a situ-

ation which calls upon the court to exercise its discretion. Where-upon, in the exercise of his discretion he ordered that defendants'' motion to strike the complaint be denied, and in the further exercise of his discretion he ordered that the time within which the plaintiff may file the complaint is extended to and includes 7 June 1965, and he further ordered that the defendants shall have 30 days from this order within which to file pleadings and that the defendants' motion to dismiss for improper service of process is denied. According. to the record before us, defendants did not except to Judge Clark's order.

Thereafter, in apt time, each defendant filed individual an-swers. The answers are substantially the same, except as stated below. The answer of each defendant admits that the Kinston-Lenoir County Public Library was set up and organized under Article 8, Chapter 160 of the General Statutes of North Carolina, and de-nies that it was negligent. The answer of each defendant alleges four of what is described therein as a "further answer and defense as a bar to the action and as a motion." The first is that the plain-tiff is guilty of contributory negligence as a matter of law upon the facts alleged in the complaint. The second sets up the three-year statute of limitations as a ground for dismissing the action, in that Judge Clark had no authority to extend the time within which the complaint might be filed. The third alleges governmental immunity and a nonwaiver of governmental immunity. The answer of the county of Lenoir alleges as a defense governmental immunity and a nonwaiver of governmental immunity, by purchasing and having in force a liability insurance policy, No. XAP137544, issued by the Fi-delity and Casualty Company of New York, in favor of "Board of Commissioners, Lenoir County, Kinston, North Carolina," afford-ing protection to it from liability for bodily injury, within certain prescribed limits, caused by the negligence of certain named per-sonnel and employees of Lenoir County and covering certain listed and described premises owned and operated by the insured, but this policy afforded no protection for alleged tortious acts of any em-ployees or officials of the Kinston-Lenoir County Public Library, and said policy of insurance did not include, cover or embrace within its protection the premises known as Kinston-Lenoir County Public Library. The answer of the city of Kinston alleges that the opera-tion of a public library is a governmental function and that it is immune to suit and liability in connection with the operation of the Kinston-Lenoir County Public Library by its board of trustees; that there is no statutory authorization for defendant city to be sued on account of the same; that the city has not at any time waived its governmental immunity from suit or liability for dam-

ages by reason of injury to a person caused by the negligence or tort of the city or of any of its employees or officials operating said library jointly with the county of Lenoir; and that the city is entitled to have this action dismissed and to resume its governmental immunity as provided in Section 2-4 of the Code of Ordinances of the city of Kinston. The fourth alleges the decision in *Seibold v. Kinston-Lenoir County Public Library and trustees of this Library,* 264 N.C. 360, 141 S.E. 2d 519, as *res judicata* as to all matters alleged in the complaint in the instant case.

At the April 1966 civil session of the Superior Court of Lenoir County, Bundy, J., presiding, the court heard defendants' motions to dismiss and pleas in bar, and after a review of the pleadings and hearing arguments of counsel, the court entered an order "that each of the motions and pleas in bar filed by each defendant be and the same are hereby allowed, that the plaintiff recover nothing of either defendant and that the alleged cause of the plaintiff is hereby dismissed and the cost taxed against the plaintiff." From this judgment, plaintiff appeals.

*Turner and Harrison for plaintiff appellant.*

*Wallace, Langley & Barwick by F. E. Wallace, Jr., for defendant appellee City of Kinston.*

*Whitaker, Jeffress & Morris by A. H. Jeffress for defendant appellee County of Lenoir.*

PARKER, C.J.

PLEA IN BAR OF GOVERNMENTAL IMMUNITY BY THE CITY OF KINSTON AND THE COUNTY OF LENOIR.

The city of Kinston is a municipal corporation. Municipal corporations have only those powers expressly conferred upon them by the General Assembly, and those necessarily implied from those expressly conferred, and those powers which are essential and indispensable to, and not merely convenient for, the accomplishment of the declared objects of the corporation. 3 Strong's N. C. Index, Municipal Corporations, § 4, and the same section of Municipal Corporations in Supplement to Vol. 3 of Strong's N. C. Index.

G.S. 160-191.1 reads as follows:

"The governing body of any incorporated city or town, by securing liability insurance as hereinafter provided, is hereby authorized and empowered, but not required, to waive its governmental immunity from liability for any damage by reason of death, or injury to person or property, *proximately caused by the negligent operation of any motor vehicle* by an officer,

agent or employee of such city or town when acting within the scope of his authority or within the course of his employment. Such immunity is waived only to the extent of the amount of the insurance so obtained. Such immunity shall be deemed to have been waived in the absence of affirmative action by such governing body." (Emphasis ours.)

G.S. 160-191.4 provides that a municipality may incur liability pursuant to this article only with respect to a claim arising after such city or such municipality has procured liability insurance pursuant to this article and during the time when such insurance is in force. G.S. 160-191.5 reads as follows:

"No part of the pleadings which relate to or alleges facts as to a defendant's insurance against liability shall be read or mentioned in the presence of the trial jury in any action brought pursuant to this article. Such liability shall not attach unless the plaintiff shall waive the right to have all issues of law or fact relating to insurance in such an action determined by a jury and such issues shall be heard and determined by the judge without resort to a jury and the jury shall be absent during any motions, arguments, testimony or announcement of findings of fact or conclusions of law with respect thereto unless the defendant shall ask for a jury trial thereon.

"No plaintiff to an action brought pursuant to this article nor counsel, nor witness therefor, shall make any statement, ask any question, read any pleadings or do any other acts in the presence of the trial jury in such case so as to indicate to any member of the jury that the defendant's liability would be covered by insurance, and if such is done order shall be entered of mistrial."

On 14 November 1963 plaintiff instituted an action *ex delicto* against the Kinston-Lenoir County Public Library, and against its Trustees, Thomas Hewitt, W. A. Allen, Alex Howard, T. J. Turner, Mrs. Wooten Moseley, and Mrs. John Roland, seeking damages for personal injuries on the ground that when descending the steps of the public library on 11 May 1962 the heel of her shoe became lodged in a crack in one of the steps causing her to fall. Defendants demurred because, as they alleged, it affirmatively appears that the library is a governmental agency, and the individual defendants are public officials performing a governmental duty. This came on for hearing on defendants' demurrer at the September 1964 Session of Lenoir. The demurrer was sustained, and plaintiff excepted and appealed. The decision in this case, filed 28 April 1965, and reported

in 264 N.C. 360, 141 S.E. 2d 519, held the operation of a public library is a governmental function, and its officers are protected against plaintiff's claim of tort liability, and affirmed the judgment entered below. The instant case is to recover damages for the same fall as in her former case, and the allegations of fact in her complaint in respect to her fall are substantially the same as in the instant case.

Governmental immunity of the city of Kinston applies, under such circumstances as presented in the instant case, unless waived by the city of Kinston under the provisions of G.S. 160-191.1 *et seq.,* and then such immunity is waived only to the extent of the insurance so obtained and in force at the time. G.S. 160-191.1; *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838; *Moore v. Plymouth,* 249 N.C. 423, 106 S.E. 2d 695; 29 N.C. Law Rev. 421.

The provisions of G.S. 160-191.1 provide that the city of Kinston is authorized and empowered, but not required, to waive its governmental immunity from liability for any damage by reason of death, or injury to person or property, *proximately caused by the negligent operation of any motor vehicle* by an officer, agent or employee of such city, etc. The General Assembly of North Carolina has not authorized and empowered the city of Kinston to waive its governmental immunity from liability for any injury to a person proximately caused by the negligent operation of the Kinston-Lenoir County Public Library. Further, in the hearing of the pleas in bar by Judge Bundy, there is no evidence of any liability insurance policy purchased by the city of Kinston. The plea in bar of the city of Kinston of governmental immunity is good, as Judge Bundy held in his judgment.

In *Keenan v. Commissioners,* 167 N.C. 356, 83 S.E. 556, it is said: "It is well settled that counties are instrumentalities of government, and are given corporate powers to execute their purposes, and are not liable for damages for the torts of their officials in the absence of statutory provisions giving a right of action against them."

G.S. 153-9(44) provides:

"The board of county commissioners of any county, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive the county's governmental immunity from liability for damage by reason of death, or injury to person or property, *caused by the negligence or tort of the county or by the negligence or tort of any official or employee of such county* when acting within the scope of his authority or within the course of his employment. Such immunity

shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that the county is indemnified by insurance from such negligence or tort.

\* \* \*

"A county may incur liability pursuant to this subdivision only with respect to a claim arising after the board of county commissioners has procured liability insurance pursuant to this subdivision and only during the time when such insurance is in force.

"No part of the pleadings which relates to or alleges facts as to a defendant's insurance against liability shall be read or mentioned in the presence of the trial jury in any action brought pursuant to this subdivision. Such liability shall not attach unless the plaintiff shall waive the right to have all issues of law or fact relating to insurance in such an action determined by a jury and such issues shall be heard and determined by the judge without resort to a jury and the jury shall be absent during any motions, arguments, testimony or announcement of findings of fact or conclusions of law with respect thereto unless the defendant shall ask for a jury trial thereon." (Emphasis ours.)

G.S. 153-9 (44) provides that the board of county commissioners is authorized and empowered to waive the county's governmental immunity from liability for damages by reason of death, or injury to person or property, caused by the negligence or tort of the county or by the negligence or tort of any official or employee of such county, etc. The same section provides such immunity shall be deemed to have been waived by the act of obtaining such insurance and such immunity is waived only to the extent that the county is indemnified by insurance from such negligence or tort. In the hearing before Judge Bundy of the pleas in bar, Lenoir County offered in evidence a liability insurance policy, No. XAP137544, issued by the Fidelity and Casualty Company of New York, in favor of "Board of Commissioners, Lenoir County, Kinston, North Carolina," affording protection to it from liability for bodily injury, within certain prescribed limits, caused by the negligence of certain named personnel and employees of Lenoir County and covering certain listed and described premises owned and operated by the insured, but this policy afforded no protection for alleged tortious acts of any employees or officials of the Kinston-Lenoir County Public Library, and said policy of insurance did not include, cover or embrace within its protection the premises known as Kinston-

Lenoir County Public Library. This is stated in plaintiff's brief: "The defendant County in support of its Motion to Dismiss and Plea in Bar introduced at the Hearing held in this matter Policy No. XAP137544 issued by Fidelity and Casualty Company, which policy does not afford protection for negligent acts occurring at the Library. However, there is another policy, the premiums of which have been paid with public funds derived from both the County and the City, which said policy does provide protection to both the City and the County for negligent acts occurring at the Library. The defendants have thus far prevented the plaintiff from procuring a copy of such policy. However she will take such means as are necessary to compel the production of this second policy at the trial of this action." Even if there was another policy as plaintiff contends, she had her day in court to compel its production by defendants, and she failed to do so. There is no evidence at the hearing before Judge Bundy that Lenoir County had purchased any other liability insurance policy which protected it from liability under the facts and circumstances of the instant case. Consequently, the plea in bar of governmental immunity by Lenoir County is good, as Judge Bundy held in his judgment.

According to the record before us, the defendants did not ask for a jury trial in respect to the pleas in bar of governmental immunity by each defendant here. Therefore, Judge Bundy had a right under G.S. 160-191.5 and under G.S. 153-9(44) to hear and determine without resort to a jury the pleas in bar of each defendant of governmental immunity. Judge Bundy in his judgment did not make any findings of fact and there was no request in the record before us that he make findings of fact. Consequently, it will be presumed that the court on proper evidence found facts sufficient to support the judgment. *Greitzer v. Eastham*, 254 N.C. 752, 119 S.E. 2d 884; *Paper Co. v. McAllister*, 253 N.C. 529, 117 S.E. 2d 431.

"A plea in bar is one that denies the plaintiff's right to maintain the action and which, if established, will destroy the action." 1 McIntosh, N. C. Practice and Procedure, 2d Ed., Trial Without Jury, § 1394, p. 773; *Gillikin v. Gillikin*, 248 N.C. 710, 104 S.E. 2d 861. Defendants' pleas in bar of governmental immunity, if established, will destroy plaintiff's action.

Plaintiff has one assignment of error: "1. That the court erred in returning and signing the order dismissing the plaintiff's cause of action for that the same is contrary to law." A sole exception and assignment of error to the judgment or to the signing of the judgment presents the face of the record proper for review. Supplement to 1 Strong's N. C. Index, Appeal and Error, § 21, p. 32. The effect of Judge Bundy's judgment, among other things, is that defendants

established their pleas in bar of governmental immunity in the instant case, and that destroys plaintiff's action, and supports his judgment. Therefore, it is not necessary that we pass on defendants' pleas in bar of contributory negligence, of their pleas in bar that the instant action is barred by the statute of limitations, and their pleas in bar of *res judicata*. Plaintiff's assignment of error is overruled. No error of law appears on the face of the record proper. The judgment below is

Affirmed.