ROBERT W. ROBINSON, ANCILLARY ADMINISTRATOR OF LYNSTA C. ROBINSON, DECEASED v. NASH COUNTY AND MARGARET B. DOUGHTIE, INDIVIDUALLY AND AS REGISTER OF DEEDS

No. 787SC1088

(Filed 18 September 1979)

1. **Counties § 9; Registers of Deeds § 1— operation of register of deeds office — immunity of county from suit for negligence**

    The operation and maintenance of a register of deeds office in a county courthouse is a governmental function for which the county enjoys immunity from suit for negligence.

2. **Counties § 9; Registers of Deeds § 1— operation of register of deeds office—immunity of register of deeds from suit for negligence**

    A register of deeds is protected from tort liability by governmental immunity to the same extent as the county when he or she undertakes the performance of his or her official governmental duties. Therefore, a register of deeds was not subject to personal liability for the death of a person who was killed in a fall down a stairway in the register of deeds office while using records kept in that office.

APPEAL by plaintiff from *Brown, Judge*. Judgment entered on 30 August 1978 in Superior Court, NASH County. Heard in the Court of Appeals on 28 August 1979.

This is a civil action wherein plaintiff seeks to recover in excess of $200,000 for the wrongful death of his mother Lynsta C. Robinson, who fell down a stairway located in the Nash County Courthouse while looking at various records kept in the Register

of Deeds Office. In his complaint, plaintiff alleged "that the injuries and death of the deceased were proximately and directly caused by the joint and concurrent negligence of the Defendant [Nash] County and the defendant [Margaret] Doughtie acting in her capacity as Register of Deeds." The alleged negligence of the Register of Deeds and of officers, employees, and agents of Nash County consisted of the "removing, or allowing to be removed, [a] gate, barrier, or other obstruction located at the head of the steep stairway in the office of the Register of Deeds"; the placement of books on shelves near the top of the "open stairway . . . where it was foreseeable that invitees and licensees would be unreasonably exposed to the hazard of a fall down the open stairway"; and the failure to warn of the hazard. Defendant Nash County filed an answer denying the material allegations of the complaint and further alleging as an affirmative defense that it had "not insured itself or its officers, agents or employees against liability pursuant to G.S. § 153A-435"; that it was "performing a governmental function"; and that it is therefore immune from any liability. Defendant Margaret Doughtie answered denying the material allegations of the complaint and argued further that any alleged negligence on her part related to actions taken by her "in her capacity as a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, and in this situation, she may not be held personally liable for mere negligence in respect thereto."

Both defendants moved for summary judgment and filed affidavits in support of their motions. Subsequently, the plaintiff filed affidavits in opposition to the motion. On 30 August 1978, the trial court entered Orders granting the defendants' motions for summary judgments. Plaintiff appealed.

*Everett, Everett, Creech & Craven, by Robinson O. Everett, for plaintiff appellant.*

*Keel & Duffy, by James W. Keel, Jr., for defendant appellee Nash County.*

*Battle, Winslow, Scott & Wiley, by J. B. Scott, for defendant appellee Margaret B. Doughtie.*

HEDRICK, Judge.

By assignment of error number one, plaintiff contends that the defendant Nash County was liable in tort for the wrongful death of plaintiff's intestate which resulted from a hazardous condition in the office of the Register of Deeds. In support of its motion for summary judgment, defendant Nash County submitted the affidavit of L. R. Holoman, Jr., the Nash County Manager, who is in charge of procuring insurance at the direction of the Nash County Board of Commissioners. The affiant stated that Nash County had not procured any liability insurance for any negligent act or omission of the County or any of its officers, agents, or employees. The plaintiff has not contested the affiant's statement, and thus no question is raised as to whether the County has waived its governmental immunity by purchasing liability insurance, as it is empowered to do by G.S. § 153A-435. Indeed, the record affirmatively establishes that the County has not purchased such insurance. The sole question presented by this assignment of error, therefore, is whether the defense of governmental immunity is available to the defendant Nash County.

It is well established in this State that counties or municipal corporations have no governmental immunity for activities that are "proprietary" in nature. *Bowling v. City of Oxford*, 267 N.C. 552, 148 S.E. 2d 624 (1966); *Aaser v. City of Charlotte*, 265 N.C. 494, 144 S.E. 2d 610 (1965). But, it is equally well settled that, "[w]hen the activity of a governmental entity is clearly governmental in nature, and not proprietary, the rule of sovereign immunity will protect the government from suit." *Vaughn v. County of Durham*, 34 N.C. App. 416, 418, 240 S.E. 2d 456, 458 (1977), *cert. denied*, 294 N.C. 188, 241 S.E. 2d 522 (1978). *See also Sides v. Cabarrus Memorial Hospital, Inc.*, 287 N.C. 14, 213 S.E. 2d 297 (1975); *Clark v. Scheld*, 253 N.C. 732, 117 S.E. 2d 838 (1961); *Moffitt v. City of Asheville*, 103 N.C. 237, 9 S.E. 695 (1889).

In *Sides v. Cabarrus Memorial Hospital, Inc., supra*, our Supreme Court extensively reviewed its prior decisions on the proprietary-governmental distinction and noted that "all of the activities held to be governmental functions by this Court are those historically performed by the government, and which are not ordinarily engaged in by private corporations." *Id.* at 23, 213 S.E. 2d at 303. While the line between governmental and proprietary

operations is sometimes a difficult one to draw, the distinction
has been stated thusly:

> When power conferred has relation to public purposes and
> for the public good, it is to be classified as governmental in
> its nature. . . . But when it relates to the accomplishment of
> private purposes in which the public is only indirectly con-
> cerned, it is private in its nature, and the municipality, in
> respect to its exercise, is regarded as a legal individual. In
> the former case the corporation is exempt from all liability
> . . .; while in the latter case it may be held to that degree of
> responsibility which would attach to an ordinary corporation.

*Metz v. City of Asheville*, 150 N.C. 748, 750, 64 S.E. 881, 882
(1909). *See also McCombs v. City of Asheboro*, 6 N.C. App. 234,
170 S.E. 2d 169 (1969); *Stone v. City of Fayetteville*, 3 N.C. App.
261, 164 S.E. 2d 542 (1968).

[1]   We are persuaded that the function of the office of a register
of deeds is primarily and directly for the "common good", *Mc-
Combs v. City of Asheboro*, 6 N.C. App. at 241, 170 S.E. 2d at 174,
that it serves a "public purpose", *Metz v. City of Asheville, supra*,
and that the operation thereof is one of the "traditional" services
rendered by local government, *Sides v. Cabarrus Memorial
Hospital, Inc.*, 287 N.C. at 25, 213 S.E. 2d at 304. While we
recognize that "the modern tendency [is] to restrict rather than to
extend the application of governmental immunity", *Koontz v. City
of Winston-Salem*, 280 N.C. 513, 529, 186 S.E. 2d 897, 908 (1972),
we are of the opinion that the operation and maintenance of a
register of deeds office in a county courthouse is clearly a govern-
mental function for which the county enjoys immunity from suit
for negligence. Thus, we hold that the trial judge properly
granted the defendant Nash County's motion for summary judg-
ment.

[2]   By his remaining assignment of error, plaintiff contends that
the defendant, Margaret Doughtie, the Register of Deeds of Nash
County, was subject to personal liability for the wrongful death of
plaintiff's mother. Plaintiff argues that even if the defense of
governmental immunity is available to the defendant county, the
defendant Doughtie is not entitled to the shelter of this defense
because "the allegations in the present complaint are directed to
ministerial acts . . . rather than to any act involving the exercise

of discretion." The complaint further alleges that these acts on the part of defendant Doughtie constituted negligence and consisted of the following:

(a) Her removing, or allowing to be removed, the gate, barrier, or other obstruction located at the head of the steep stairway in the office of the Register of Deeds, over which office she had control and responsibility in the course of her official duties;

(b) Her failure to replace promptly the gate, barrier or other obstruction at the head of the steep stairway leading down from the portion of the Office of the Register of Deeds into a basement or lower area;

(c) Her placement of books, maintained in the performance of her official duties, on shelves near the top of the open stairway and with only a narrow clearance from the top of the open stairway where it was foreseeable that invitees and licensees would be unreasonably exposed to the hazard of a fall down the open stairway;

(d) Her failure to rectify the hazardous condition that had been created prior to July 20, 1976, despite complaints she had received concerning the hazard and the danger of injury to invitees and licensees using the office;

(e) Her failure to give any sort of warning to persons lawfully using the office of the Register of Deeds, as was deceased, concerning the hazard created by the open stairway.

Plaintiff's argument misses the point. With respect to the actions of defendant Doughtie in her official capacity, the question before this Court is not one of negligence, but rather one of immunity. That is, is this individual public officer protected from tort liability by governmental immunity to the same extent as the defendant Nash County when she undertakes the performance of her official governmental duties? The answer must be "yes." In *Seibold v. Kinston-Lenoir County Public Library,* 264 N.C. 360, 361, 141 S.E. 2d 519, 520 (1965) (per curiam), it is said: "Having reached the conclusion that the service rendered was a governmental function, it follows that the governmental agency *and its officers* are protected against . . . tort liability." [Emphasis added.]

The Court held in *Seibold* that the operation of a public library is a governmental function. Thus, both the County and the officials responsible for the operation of the library were exempt from tort liability for personal injuries which allegedly resulted from negligence in the maintenance of the library. *Id*. The question of negligence was not reached by the Court.

Whether the acts performed by the public official be characterized as "governmental" duties, *Wilkins v. Burton*, 220 N.C. 13, 16 S.E. 2d 406 (1941), "discretionary" acts, *Nelson v. Comer*, 21 N.C. App. 636, 205 S.E. 2d 537 (1974), or "ministerial" acts, *Langley v. Taylor*, 245 N.C. 59, 95 S.E. 2d 115 (1956), the public official is immune from individual liability "where the duties are of a public nature, imposed entirely for the public benefit. . . ." *Hipp v. Ferrall*, 173 N.C. 167, 169, 91 S.E. 831, 832 (1917). *See also Langley v. Taylor, supra*; *Hudson v. McArthur*, 152 N.C. 445, 67 S.E. 995 (1910). In the present case the record establishes that the allegedly negligent acts attributed to the defendant Doughtie were clearly "of a public nature," *Hipp v. Ferrall, supra*, imposed by statute, *see* N.C. General Statutes, Chapter 161, and carried out in the performance of a governmental duty.

Thus, the trial court correctly entered summary judgment for the defendant.

Affirmed.

Judges VAUGHN and ARNOLD concur.