DATA GENERAL CORPORATION, PLAINTIFF-APPELLEE v. COUNTY OF DURHAM, DEFENDANT-APPELLANT

No. COA00-202

(Filed 17 April 2001)

**1. Appeal and Error— appealability—sovereign immunity— personal and subject matter jurisdiction**

Defendant's assignment of error to the trial court's failure to grant a Rule 12(b)(6) dismissal for lack of personal jurisdiction on the grounds of sovereign immunity was immediately appealable, while the denial of defendant's Rule 12(b)(6) motion for dismissal for lack of subject matter jurisdiction on the grounds of sovereign immunity was not immediately appealable.

**2. Jurisdiction— personal—motion to dismiss—matters outside pleadings**

The trial court did not err when considering a motion to dismiss for lack of personal jurisdiction due to sovereign immunity

DATA GEN. CORP. v. CTY. OF DURHAM

[143 N.C. App. 97 (2001)]

by considering affidavits from defendant. The trial court did not make findings because neither party requested them; the Court of Appeals was therefore required to determine the sufficiency of the evidence to support the trial court's presumed finding that defendant waived its sovereign immunity either by purchasing liability insurance or by entering a valid contract. Although consideration of matters outside the pleadings converts a Rule 12(b)(6) motion into a motion for summary judgment, there is no similar restriction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(2).

**3. Counties— contract—sovereign immunity—preaudit certificate**

The trial court did not have personal jurisdiction over defendant county for a breach of contract claim regarding leased computer equipment where plaintiff alleged that defendant waived sovereign immunity by entering the lease agreement, but plaintiff did not show that the preaudit certificate required by N.C.G.S. § 159-28(a) existed. There is no valid contract with a county where a plaintiff fails to show that the requirements of N.C.G.S. § 159-28(a) were met and defendant therefore did not waive sovereign immunity on these grounds.

**4. Counties— leased equipment—no preaudit certificate—no recovery under quantum meruit or estoppel**

A plaintiff in an action involving leased computer equipment could not recover from a county under theories of quantum meruit or estoppel where there was no valid contract. The preaudit requirement of N.C.G.S. § 159-28(a) is a matter of public record and parties contracting with a county are presumed to be aware of the requirements.

**5. Immunity— governmental—lease agreement—proprietary activity**

Defendant county was not entitled to governmental immunity against a tort claim for negligent misrepresentation arising from leased equipment because the activity was commercial or chiefly for the advantage of the county.

Appeal by defendant from order entered 19 November 1999 by Judge Knox Jenkins in Superior Court, Durham County. Heard in the Court of Appeals 21 February 2001.

DATA GEN. CORP. v. CTY. OF DURHAM

[143 N.C. App. 97 (2001)]

*Durham County Attorney S.C. Kitchen and Assistant Durham County Attorney Curtis Massey for the defendant-appellant.*

*Poyner & Spruill, L.L.P., by Donald R. Teeter, for the plaintiff-appellee.*

WYNN, Judge.

This appeal arises from an arrangement for the lease of certain computer equipment by the County of Durham from Data General Corporation. According to the complaint, Data General and certain officials of Durham County negotiated in early 1993 for the lease of computer hardware and software. The final lease agreement was reduced to a writing, dated 3 June 1993, and was signed by representatives of both parties.

The lease agreement provided for annual lease payments during its four-year term. The lease agreement also provided that, at the expiration of the lease term, Durham County would have the option to purchase the leased equipment. According to the complaint, Durham County made the required annual payments during the term of the lease, but failed to exercise the purchase option. The complaint further alleged that Durham County kept and used the leased equipment for close to two years following the expiration of the lease term, without making any further payments to Data General.

Data General filed suit on 29 July 1999, asserting causes of action for breach of contract, *quantum meruit*, estoppel, and negligent misrepresentation. On 16 August 1999, Durham County filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and (2), asserting a lack of subject matter and personal jurisdiction on grounds of sovereign immunity. Durham County also filed several sworn affidavits in support of its motion to dismiss. Following a hearing, Superior Court Judge Knox Jenkins entered an order dated 20 November 1999 denying the motion. From that order, Durham County appeals.

[1] Durham County asserts two assignments of error on appeal. In its first assignment of error, Durham County contends that the trial court erred in denying the motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, as the evidence in support of the motion demonstrated that Durham County did not waive its sovereign immunity and no grounds for jurisdiction existed. Durham County also assigns as error the trial court's denial of the motion to dismiss pur-

suant to Rule 12(b)(1) for lack of subject matter jurisdiction on grounds of sovereign immunity.

At the outset, we note that the denial of a motion to dismiss is interlocutory and ordinarily is not immediately appealable; nonetheless, this Court has held that an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable. *See* N.C. Gen. Stat. § 1-277 (1996); *Zimmer v. N.C. Dep't of Transp.*, 87 N.C. App. 132, 133-34, 360 S.E.2d 115, 116 (1987). On the other hand, the denial of a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable. *See* N.C. Gen. Stat. § 1-277(a); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982). We therefore consider Durham County's first assignment of error, but decline to consider the second assignment of error, as it is not properly before us.

It is a fundamental rule that sovereign immunity renders this state, including counties and municipal corporations herein, immune from suit absent express consent to be sued or waiver of the right of sovereign immunity. *See Coastland Corp. v. N.C. Wildlife Resources Comm'n*, 134 N.C. App. 343, 346, 517 S.E.2d 661, 663 (1999); *Great American Ins. Co. v. Gold*, 254 N.C. 168, 118 S.E.2d 792 (1961); *EEE-ZZZ Lay Drain Co. v. N.C. Dep't of Hum. Res.*, 108 N.C. App. 24, 422 S.E.2d 338 (1992). Furthermore, counties and municipal corporations within this state enjoy governmental immunity from suit for activities that are governmental, and not proprietary, in nature. *Robinson v. Nash County*, 43 N.C. App. 33, 35, 257 S.E.2d 679, 680 (1979). Nonetheless, a governmental entity may waive its governmental immunity, for instance, where the entity purchases liability insurance. *See EEE-ZZZ Lay Drain*, 108 N.C. App. at 27, 422 S.E.2d at 340. Additionally, where the entity enters into a valid contract, the entity "implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 424 (1976).

**[2]** We first consider the standards by which we must review the record before us. In ruling on a motion, the trial court is not required to make findings of fact absent a request by one of the parties. Where no such request is made by either party, and thus no such findings are made by the trial court, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support his ruling." *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 285, 350 S.E.2d 111,

114 (1986) (citing *J.M. Thompson Co. v. Doral Mfg. Co.*, 72 N.C. App. 419, 424, 324 S.E.2d 909, 912-13 (1985)); *see Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 532 S.E.2d 215 (2000). Where such presumed findings are supported by competent evidence, they are deemed conclusive on appeal, despite the existence of evidence to the contrary. *Cameron Brown Co.*, 83 N.C. App. at 285, 350 S.E.2d at 114.

In the instant case, neither party requested the trial court to make findings of fact, and the trial court made no such findings. We must therefore determine the sufficiency of the evidence to support the trial court's presumed findings. *Id.* In the absence of an express waiver of sovereign immunity by Durham County, we must determine whether there was sufficient evidence to support the presumed finding by the trial court that the county waived its sovereign immunity as to Data General's contract claims either by the purchase of liability insurance or by entering a valid contract.

Other than the unverified complaint, the record on appeal contains the following sources of evidence submitted by Durham County pertaining to the presence or lack of personal jurisdiction: (1) Sworn affidavit of Catherine C. Whisenhunt, the Risk Manager for Durham County; (2) Sworn affidavit of Sandra Phillips, the Purchasing Director for Durham County; (3) Sworn affidavit of Garry Umstead, the Clerk to the Board of Commissioners of Durham County; (4) Sworn affidavit of Perry Dixon, the Information Technology Director for Durham County; (5) Official Minutes of the Board of Commissioners for Durham County for 14 September 1992, pertaining to the prospective lease between Durham County and Data General; and (6) Data General's response to Durham County's request for a written statement of monetary relief sought.

"Where unverified allegations in the complaint meet plaintiff's 'initial burden of proving the existence of jurisdiction . . . and defendant[s] . . . d[o] not contradict plaintiff's allegations [],' such allegations are accepted as true and deemed controlling." *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998) (quoting *Bush v. BASF Wyandotte Corp.*, 64 N.C. App. 41, 45, 306 S.E.2d 562, 565 (1983)). However, to the extent the defendant offers evidence to counter the plaintiff's allegations, those allegations may no longer be accepted as controlling, and the plaintiff can no longer rest on such allegations in the complaint. *See Bruggeman*, 138 N.C. App. at 615-16, 532 S.E.2d at 218. The plaintiff may nonetheless satisfy the burden of establishing a *prima facie* basis for personal

jurisdiction "if some form of evidence in the record supports the exercise of personal jurisdiction." *Id.* at 616, 532 S.E.2d at 218. That is, we must "look to the uncontroverted allegations in the complaint and the uncontroverted facts" asserted by Durham County for evidence supporting the trial court's presumed findings. *Id.*

We reject the initial contention by Data General that, as a general matter, the sworn affidavits submitted by Durham County should not have been considered by the trial court in ruling on Durham County's motion, and should not be considered by this Court in reviewing the trial court's denial of that motion. Rule 12(b) provides that a motion to dismiss for failure to state a claim under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56" where the trial court considers matters outside the pleadings in ruling on the motion. N.C. Gen. Stat. § 1A-1, Rule 12(b). Rule 12(b) imposes no similar requirement or restriction upon the trial court in considering matters outside the pleadings in ruling on a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and we decline to do so.

**[3]** The complaint alleges that, by entering the lease agreement with Data General, Durham County waived any sovereign immunity it may have enjoyed and consented to being sued for damages in the event it breached the lease agreement. *See Smith*, 289 N.C. at 320, 222 S.E.2d at 424. Durham County contends on appeal that the materials submitted in support of its motion to dismiss establish that the lease agreement was not a valid contract enforceable against Durham County, and that Durham County did not, therefore, consent to be sued for breach of such contract.

In *Smith*, our Supreme Court held that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a *valid* contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Id.* at 320, 222 S.E.2d at 423-24 (Emphasis added.) That is, in the absence of a valid contract, a state entity may not be subjected to contractual liability. *See id.* at 310, 222 S.E.2d at 417 (citing 72 Am. Jur. 2d *States, Etc.* § 88 (1974)).

"N.C. Gen. Stat. § 159-28(a) sets forth the requirements and obligations that must be met before a county may incur contractual obligations." *Cincinnati Thermal Spray, Inc. v. Pender County*, 101 N.C. App. 405, 407, 399 S.E.2d 758, 759 (1991); N.C. Gen. Stat. § 159-28 (1994). N.C. Gen. Stat. § 159-28(a) requires in part that for any county

obligation "evidenced by a contract or agreement requiring the payment of money . . . for supplies and materials," such contract or agreement "shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection." N.C. Gen. Stat. § 159-28(a). The statute further provides a form certificate with which the required preaudit certificate must substantially conform, and states that "[a]n obligation incurred in violation of this subsection is invalid and may not be enforced." *Id.* Where a plaintiff fails to show that the requirements of N.C. Gen. Stat. § 159-28(a) have been met, there is no valid contract, and any claim by plaintiff based upon such contract must fail. *See Cincinnati Thermal Spray,* 101 N.C. App. at 408, 399 S.E.2d at 759.

In the instant case, Data General has failed to make a showing that the required preaudit certificate exists, and none is evidenced in the record. Furthermore, Durham County has argued that no such certificate exists. As there is insufficient evidence in the record that the requirements of N.C. Gen. Stat. § 159-28(a) have been met, we conclude that no valid contract was formed between Data General and Durham County, and Durham County therefore has not waived its sovereign immunity to be sued (and Data General may not maintain a suit) for contract damages. *See id.; L & S Leasing, Inc. v. City of Winston-Salem,* 122 N.C. App. 619, 622-23, 471 S.E.2d 118, 121 (1996). The trial court was therefore without personal jurisdiction over Durham County with respect to Data General's first claim for breach of contract. *Zimmer,* 87 N.C. App. at 133-34, 360 S.E.2d at 116.

**[4]** We next consider whether Durham County is entitled to governmental immunity with respect to Data General's claims based on *quantum meruit* and estoppel. *Quantum meruit* operates as an equitable remedy based upon a quasi contract or a contract implied in law, such that a party may recover for the reasonable value of materials and services rendered in order to prevent unjust enrichment. *See Potter v. Homestead Preservation Ass'n,* 330 N.C. 569, 578, 412 S.E.2d 1, 7 (1992). In *Whitfield v. Gilchrist,* 348 N.C. 39, 497 S.E.2d 412 (1998), our Supreme Court declined to imply a contract in law in derogation of sovereign immunity to allow a party to recover under a theory of *quantum meruit,* and we decline to do so here. *See id.* at 43, 497 S.E.2d at 415 (holding that a plaintiff may proceed with a claim against the State for breach of contract only where the State implicitly waives its sovereign immunity by "*expressly* entering into a *valid* contract through an agent of the State expressly authorized by law to enter into such contract").

On this same basis, we conclude that Data General may not defeat a claim of sovereign or governmental immunity upon a theory of estoppel. The complaint asserts that Durham County should be "estopped to deny the legality of the" lease agreement, and that "the County had the sole responsibility to determine that its actions were in compliance with" North Carolina law. On both related points, we disagree.

We have concluded, *supra*, that the lease agreement entered between the parties was not a valid contract sufficient to bind Durham County as it failed to comply with the statutory requirements in N.C. Gen. Stat. § 159-28(a). Data General may not recover under an equitable theory such as estoppel for breach of contract where Durham County has not expressly entered a valid contract. *See id.* Furthermore, parties dealing with governmental organizations are charged with notice of all limitations upon the organizations' authority, as the scope of such authority is a matter of public record. *L & S Leasing*, 122 N.C. App. at 622, 471 S.E.2d at 120. Likewise, the preaudit certificate requirement is a matter of public record, N.C. Gen. Stat. § 159-28(a), and parties contracting with a county within this state are presumed to be aware of, and may not rely upon estoppel to circumvent, such requirements. *See, e.g., id.* (holding that a party may not rely upon an estoppel defense against a governmental entity to support a breach of contract claim based upon an assertion of apparent authority of the agent signing the alleged contract on behalf of the entity); *Nello L. Teer Co. v. N.C. State Highway Comm'n*, 265 N.C. 1, 10, 143 S.E.2d 247, 254 (1965) (parties dealing with public entities are presumed to know the law applicable to such agencies, including that the officials and agents of such entities may not waive the entity's sovereign immunity or act in violation of statutory requirements, and such parties act at their peril) (citations omitted). As Durham County enjoys immunity with respect to these claims, the trial court was therefore without personal jurisdiction over Durham County as to Data General's claims based on *quantum meruit* and estoppel.

[5] Durham County next contends that it did not waive its sovereign immunity with respect to Data General's tort claim for negligent misrepresentation by purchasing liability insurance. As previously noted, counties within this State enjoy governmental immunity from suit for the performance of governmental functions. *Robinson*, 43 N.C. App. at 35, 257 S.E.2d at 680; *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435

S.E.2d 336 (1993). However, counties do not enjoy governmental immunity when they are performing ministerial or proprietary functions. *Messick,* 110 N.C. App. at 714, 431 S.E.2d at 493; *Herring ex rel. Marshall v. Winston-Salem/Forsyth County Bd. of Educ.,* 137 N.C. App. 680, 683, 529 S.E.2d 458, 461, *disc. review denied,* 352 N.C. 673, 545 S.E.2d 423 (2000). The test for distinguishing between governmental and proprietary functions was stated in *Britt v. City of Wilmington,* 236 N.C. 446, 73 S.E.2d 289 (1952) as follows:

> If the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and "private" when any corporation, individual, or group of individuals could do the same thing.

*Id.* at 451, 73 S.E.2d at 293; *see Herring,* 137 N.C. App. at 683, 529 S.E.2d at 461.

In the instant case, Data General asserts claims against Durham County for negligent misrepresentation arising out of representations made by or on behalf of Durham County in entering the lease agreement with Data General. Based on the test articulated above, we conclude that this activity is proprietary rather than governmental in nature, as it was "commercial or chiefly for the private advantage" of the county. *Britt,* 236 N.C. at 450, 73 S.E.2d at 293. As such, the county is not entitled to governmental immunity from tort claims arising out of the performance of this activity.

In summation, as there was no valid contract between the parties, the trial court was without personal jurisdiction over Durham County with respect to Data General's claims for breach of contract, *quantum meruit* and estoppel. However, Durham County has no governmental immunity for tort claims arising out of its performance of proprietary, rather than governmental, functions, and the trial court therefore has personal jurisdiction over Durham County with respect to Data General's tort claim for negligent misrepresentation. Accordingly, the trial court's 19 November 1999 order denying Durham County's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is,

Reversed in part, affirmed and remanded in part.

Judges McGEE and THOMAS concur.