BOARD OF COMMISSIONERS OF McDOWELL COUNTY v. HANCHETT
BOND COMPANY, A CORPORATION.

(Filed 25 June, 1927.)

**Schools—Taxation—Statutes—Counties—Bonds Issued by County in Behalf of School District.**

Where a constitutional statute provides for the issuance of bonds for public school purposes of a district therein and a tax upon that district from which the bonds, principal and interest, shall be paid, and no other, and does not expressly name the payer of the bonds, but authorizes and directs the board of county commissioners to issue the bonds, which shall be signed by the chairman, attested by the clerk and impressed with the corporate seal of the county: *Held*, it was the intent of the Legislature, as construed from the act, that the bonds be issued in the name of the county on behalf of the school district without liability on the part of the county, but to be paid only as the act expressly provides, out of the money received from the tax imposed for the purpose on the poll and property of the designated school district.

APPEAL by defendant from *Oglesby, J.*, in a controversy without action. C. S., 626.

Cross Mill District New No. 4, known as Cross Mill District, is a local tax district in Marion Township, McDowell County. The district has no union school. At the session of 1927 the General Assembly passed an act (S. B. 616, H. B. 959) entitled, "An act to authorize the board of commissioners of McDowell County to issue bonds for school purposes in and for Clinchfield Mill District and Cross Mill District in McDowell County." The act authorizes and directs the board of commissioners to issue $30,000 in coupon bonds, in denominations of $1,000 each, bearing interest from date at a rate not to exceed 6 per cent, for the purpose of acquiring and purchasing a site, and erecting and equipping a school building in Cross Mill District. It also provides that the board of commissioners shall annually levy on the taxable property and polls of the district a sufficient tax to pay the interest on the bonds and to create a sinking fund for the payment of the principal; that the bonds shall be payable exclusively out of the tax so levied and collected; and that authority to issue the bonds shall not be restricted by any debt limit or by the existence or nonexistence of a union school in the district. As a condition precedent to the issuance of the bonds an election was held and the bonds were duly authorized after all the formalities and preliminary matters had been strictly complied with. The only question is whether the plaintiff has the right to issue the bonds in the name of the county. Judge Oglesby was of opinion that the plaintiff has such right, and gave judgment accordingly. The defendant excepted and appealed.

*Pless, Winborne, Pless & Proctor for plaintiff.*
*Hudgins, Watson & Washburn for defendant.*

ADAMS, J.   After the qualified voters of the district had approved the issuance of the bonds the board of commissioners judicially determined the result and resolved that the bonds should be known as the "Cross Mill District School Building Bonds," should be issued in the name of the county, and should be payable exclusively out of taxes to be levied on the polls and the taxable property of the district.   The bonds were awarded to the defendant as the highest bidder, but were refused by it on the ground that they could not legally be issued in the name of McDowell County.   Whether they can be issued in the name of the county is the only question for decision.

The special act authorizes and directs the board of county commissioners to issue bonds which shall be signed by the chairman of the board, attested by the clerk, and impressed with the corporate seal of the county, but it contains no express provision as to the name of the promissor.   The bonds and the coupons are to be issued "for and on account of" the district; but the corporate seal of the county and the signature of the chairman and of the clerk, which are prerequisite to the validity of the bonds, seem to indicate the legislative intent to have the bonds issued in the name of the county.   There is no provision that they shall be issued in the name of the district; and in the absence of specific authority conferred by the Legislature the district has no power either to issue bonds or to levy taxes.  *Brown v. Comrs.,* 173 N. C., 598. This principle is in accord with the legislative policy previously adopted in reference to issuing bonds for special school taxing districts or local tax districts within which a union school is maintained.   If authorized by a majority of the qualified voters, the bonds of such districts shall be issued by the board of county commissioners in the name of the county, and shall be payable out of taxes to be levied in the district.   3 C. S., 5669, 5670.   These sections were not applicable to the election held in the Cross Mill District because within the district no union school was maintained; but the legislative mandate that bonds of the designated districts should be issued in the name of the county is at least persuasive in the case under consideration.   A county, moreover, is a body politic and corporate whose powers are exercised by the board of commissioners; and the board's exercise of statutory powers is in contemplation of law the exercise of such powers by the county.   The Code, sec. 704; Revisal, sec. 1310; C. S., sec. 1290; *Fountain v. Pitt,* 171 N. C., 113; *S. v. Jennette,* 190 N. C., 96.   Why should the bonds not be issued in the name of the county "for and on account of the district," as the special act provides?   Each bond must bear upon its face the purpose

for which it is issued and must designate the taxes out of which it is to be paid. While the taxes are to be levied on property and polls within the district the bonds, instead of being issued in the name of the district, may be issued for its benefit and on its behalf in the name of the county. This does not signify that the indebtedness shall thereby become that of the county. In *Comrs. v. State Treasurer,* 174 N. C., 141, the Court said: "It is a fundamental principle in the law of taxation that taxes may only be levied for public purposes and for the benefit of the public on whom they are imposed, and to lay these burdens upon one district for benefits appertaining solely to another is in clear violation of established principles of right and contrary to the express provisions of our Constitution, Art. I, sec. 17, which forbids that any person shall be disseized of his freehold liberties and privileges or in any manner deprived of his life, liberty or property but by the law of the land."

Our conclusion finds support in *Brown v. Comrs., supra,* and in *McLeod v. Comrs.,* 148 N. C., 77. See, also, *Jones v. Comrs.,* 107 N. C., 248; *McCracken v. R. R.,* 168 N. C., 62; *Casey v. Dare Co., ibid.,* 285.

The judgment of the Superior Court is
Affirmed.