JOHN ROBERT TAYLOR AND WIFE, JULIA E. TAYLOR, v. H. F. BOWEN, BUILDING INSPECTOR FOR THE CITY OF FAYETTEVILLE; MONROE E. EVANS, MAYOR OF THE CITY OF FAYETTEVILLE; CHARLES HOLT, HARRY SHAW, JOHNNY JOYCE AND GENE PLUMMER, COUNCILMEN OF THE CITY OF FAYETTEVILLE, AND THE CITY OF FAYETTEVILLE, A MUNICIPAL CORPORATION.

(Filed 2 February, 1968.)

**1. Municipal Corporations § 2—**

When a municipal corporation is established it takes control of the territory and affairs over which it is given authority to the exclusion of other governmental agencies.

**2. Municipal Corporations § 25—**

In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State.

**3. Constitutional Law § 11—**

The police power of the State cannot be bartered away by contract or lost by any other mode.

**4. Municipal Corporations § 25—**

Where property within the zoning authority of one municipal corporation is lawfully annexed by another municipal corporation, the zoning authority of the prior municipality becomes ineffectual immediately upon the annexation.

APPEAL by plaintiffs from *Nimocks, E.J.,* February 13, 1967 Civil Session, CUMBERLAND Superior Court.

By Chapter 1455, Session Laws of 1957, the General Assembly authorized the Board of Commissioners of Cumberland County to exercise zoning powers over a tract of land adjoining the northern boundary of Fayetteville. The area embraced in the Act is rectangular in shape. The eastern and western lines are 300 feet long. The northern and southern lines are 600 feet long, plus the width of the U. S. Highway 401 right of way. The Act, after giving the specific calls of the above boundary, contains this additional description: ". . . (P)lus all of the acreage belonging to Methodist College, Inc."

The facts are not in dispute. The plaintiffs own a parcel of land in the above described rectangular area. On June 5, 1961 the Cumberland County Commissioners adopted a zoning ordinance according to the plans of its "College Community Planning Board", zoning as R-15 "Residential" that part of the area which includes plaintiffs' land. Effective September 25, 1961 the City of Fayetteville extended its corporate limits northward to include that portion of the area in which the plaintiffs' land is located. The city authorities thereupon zoned the area as residential.

On May 3, 1966 the College Community Planning Board attempted to rezone plaintiffs' property as C-1 "Commercial". On September 19, 1966 the Cumberland County Board of Commissioners attempted, by resolution, to approve the action of the Planning Board.

On September 27, 1966 the plaintiffs applied to the defendant Bowen, City Building Inspector, for a permit to erect a commercial building on this land. The Building Inspector refused to issue a permit for a commercial structure. The plaintiffs brought this action for *mandamus* to compel the authorities to issue the. requested permit. The parties waived a jury trial. Judge Nimocks found the facts, in substance as heretofore summarized, and thereupon concluded: ". . . (A)s a matter of law that the plaintiffs are not entitled to the relief prayed for in their Complaint" and dismissed the action. The plaintiffs excepted and appealed.

*Williford, Person & Canady by N. H. Person for plaintiff appellants.*

*Harry B. Stein for defendant appellees.*

HIGGINS, J. The question of law presented by this appeal is simple. Did the Community College Planning Board and the Cumberland County Board of Commissioners lose zoning jurisdiction and did the City of Fayetteville acquire that jurisdiction when the area became a part of the city by annexation? The general rule is stated by Barnhill, J. (later C.J.) in *Parsons v. Wright*, 223 N.C. 520, 27 S.E. 2d 534: "When a municipal corporation is established it takes control of the territory and affairs over which it is given authority to the exclusion of other governmental agencies." See also *Schloss v. Jamison*, 262 N.C. 108, 136 S.E. 2d 691.

: "In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State. *Kinney v. Sutton*, 230 N.C. 404, 53 S.E. 2d 306; *Elizabeth City v. Aydlett*, 201 N.C. 602, 161 S.E. 78. . . . In the very nature of

things, the police power of the State cannot be bartered away by contract, or lost by any other mode." *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897; G.S. 160-172-181.2, inclusive.

Cities and towns have statutory authority to extend their boundaries to include adjacent areas. ". . . (T)he territory and its citizens and property shall be subject to all debts, laws, ordinances and regulations in force in said city or town and shall be entitled to the same privileges and benefits as other parts of said city or town. . . ." G.S. 160-445; *Power Co. v. Membership Corp.,* 253 N.C. 596, 117 S.E. 2d 812.

The prior zoning of the plaintiffs' property by the Cumberland County Board of Commissioners and its College Community Planning Board did not carry over and bind the zoning authorities of Fayetteville after the annexation. "Where the land was previously zoned as a part of the municipality . . . in which it lay, the prior zoning becomes ineffective immediately upon such incorporation or annexation since it is a well recognized rule that two municipal corporations do not have co-extensive powers of government over the same area and that municipal power may only be exercised within the limits of the municipality." 1 Rathkoph, *The Law of Zoning and Planning,* 3d Ed., Chapt. 25, § 3; *Beshore v. Bel Air,* 237 Md. 398, 206 A. 2d 678; *Schneider v. Lazarov,* 216 Tenn. 1, 390 S.W. 2d 197; *City of Highland Park v. Calder,* 269 Ill. App. 255.

The amendment to G.S. 160-176 passed in 1965 providing a 60 days transition period between annexation and the effective date of the city zoning ordinances has no application to this proceeding. Neither is it necessary for us to pass on the constitutionality of Chapter 1455, Session Laws of 1957, although discussed in both briefs. The zoning power of the County Board of Commissioners over the land annexed by the city did not survive the annexation. The order of Judge Nimocks denying *mandamus* is

Affirmed.