DAVIDSON COUNTY v. CITY OF HIGH POINT

No. 228PA87

(Filed 2 December 1987)

**1. Municipal Corporations § 4.4; Counties § 5— city-owned sewage treatment plant located in county—county zoning laws**

   The Supreme Court expressed no opinion on the correctness of the Court of Appeals' conclusion that a city-owned public enterprise located outside corporate limits is not subject to the County's zoning laws.

**2. Municipal Corporations § 4.4; Counties § 5— municipal sewage treatment plant —located in county—county's authority to impose limitations**

   In an action to determine whether a city-owned sewage treatment plant located outside the city but within the county which is upgraded pursuant to the County's special use permit may be used by the City to provide sewer service to its citizens in newly-annexed areas without complying with a condition attached to the special use permit requiring the County's prior approval to provide service to county citizens, the County could not use a condition in the permit to impose limitations outside the scope of its statutory authority, and the City could use the plant to meet its statutory mandate to provide sewer service to residents in its newly-annexed areas without seeking the County's approval. N.C.G.S. § 160A-47, N.C.G.S. § 153A-347.

   Justice MITCHELL did not participate in the consideration or decision of this case.

ON discretionary review of a unanimous decision of the Court of Appeals, 85 N.C. App. 26, 354 S.E. 2d 280 (1987), reversing summary judgment for the plaintiff entered by *Cornelius, J.*, at the 16 September 1985 Civil Session of Superior Court, DAVIDSON County, and remanding to the trial court for entry of judgment for defendant. Heard in the Supreme Court 12 October 1987.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., Gusti W. Frankel, and Garry W. Frank, for plaintiff-appellant.*

*Poyner & Spruill, by J. Phil Carlton, Susan K. Nichols, and Susanne F. Hayes, and Bryant T. Aldridge, Jr., City Attorney of the City of High Point, for defendant-appellee.*

*North Carolina League of Municipalities, by S. Ellis Hankins, Associate General Counsel, amicus curiae.*

MEYER, Justice.

In this case we deal with the jurisdictional conflict between the statutory power cities possess to provide services through public enterprises and the statutory power counties possess to regulate the use of land within their boundaries through zoning ordinances. The issue to be resolved is whether a city-owned sewage treatment plant located outside the city but within the county, which is upgraded pursuant to the county's special use permit, may be used by the city to provide sewer service to its citizens in newly annexed areas without complying with a condition attached to the permit requiring the county's prior approval of service to county citizens. The Court of Appeals held that the city could indeed do so, based upon the conclusion that the sewage treatment plant was a public enterprise not subject to the county's zoning regulations. We modify and affirm.

On 27 May 1983, defendant City of High Point (the City) applied to plaintiff Davidson County (the County) for a special use permit to upgrade the Westside High Point Wastewater Treatment Facility (the Westside Facility) which is owned by the City and located outside the city limits in Davidson County. The Westside Facility has served the City and surrounding areas for about fifty years. A Davidson County zoning ordinance required that a permit be obtained from the County Board of Commissioners before the renovation to upgrade the facility could begin. The County sent the City a list of conditions as a prerequisite to the permit's issuance, including the following condition number 4:

> 4. SEWAGE TREATMENT CAPACITY FOR DAVIDSON COUNTY CITIZENS:
>
>   The necessary documents shall be executed to clearly identify projected volume of sewage treatment capacity which can be assessed by the citizens of Davidson County. *The provision of sewer service to the citizens of Davidson County shall be subject to final approval of the Davidson County Board of Commissioners.*

(Emphasis added.) It is only the emphasized provision that is at issue here.

Although the City had reworded condition 4 in its reply to the County to reflect a proposed contractual agreement then under discussion dealing with provision for treatment of wastewater

from sewage collection systems located in the county, the County issued the special use permit on 4 October 1983 with condition 4 attached in its original form as set forth above. The special use permit also directed the attention of those who were dissatisfied with the Board's decision on the permit to the right of appeal to Davidson County Superior Court within thirty days after the applicant's receipt of the permit.

On 5 April 1984, the City annexed an eight-acre tract in the county which had an outfall from the Westside Facility running through it. The City provided sewer service to the residents there without seeking the County's approval. In September 1984, pursuant to a request for voluntary satellite annexation, the City gave notice of a public hearing to consider annexing a further sixty-acre tract in the county. This tract was not suitable for septic tanks and the County could not provide sewer service. The owner requested the City to provide it through an outfall from the Westside Facility which already ran through the property. The City did not plan to seek prior approval from the County in providing this sewer service.

In a 20 September 1984 letter to the Mayor of High Point, the Chairman of the Davidson County Board of Commissioners stated in part:

> The Board of Commissioners remains convinced that annexation by High Point into Davidson County will create unique problems to the county and the city. From our perspective, we have questions concerning increased population density; school attendance; school population; school bus transportation; school capital outlay; provision of public water, fire protection and emergency ambulance service. These are items that can severely impact our county budget.

> When the Board of Commissioners reached the decision to issue the special use permit one of the determining factors influencing the decision was the need to upgrade the plant to improve its negative impact to the streams and properties of Davidson County. The Commissioners feel that increased wastewater flow should await the completion of the new plant which will more adequately handle the additional capacity.

Please be advised that annexation of the Ridge property [the sixty-acre tract] with subsequent provision of sewer would be, in our opinion, a clear violation of the agreed upon conditions of Special Use Permit # 2-83-S. Failure to adhere to the conditions set forth in the special use permit can only result in the revocation of the permit. We would hope this situation can be resolved without resorting to such a drastic step. We stand ready to discuss this matter at any time.

On 7 February 1985, the City annexed the sixty-acre tract by satellite (noncontiguous) annexation. In March 1985, the County filed a declaratory judgment action alleging in part:

(a) the defendant's annexation and plans for the provision of sewer services to Davidson County residents using the Westside Wastewater Treatment Facility without the approval of the Davidson County Board of Commissioners violates the conditions upon which the special use permit was issued, and (b) the potential increased population density in the annexed area and the County's responsibility for school capital outlay, provision of public water, public health, social services, emergency ambulance service, adequate road and connector road access in addition to other services to residents of the annexed areas will severely impact on the Davidson County budget, as well as on its exercise of land use controls within its governmental jurisdiction.

The County asked the court (1) to issue an order declaring the 4 October 1983 special use permit issued to the City valid and binding; and (2) to enter an injunction prohibiting the City from annexing any areas located in the County for which the Westside Facility would be used to provide sewer service, and from using the Westside Facility to provide sewer service to residents of Davidson County *in the annexed areas* without prior approval from the County Board of Commissioners. The City answered on 6 June 1985, asserting that imposition of the pertinent provision of condition 4 was outside the scope of the County's authority and, further, that the condition was unenforceable because it did not promote the health, safety, morals, or general welfare of the County's citizens. On 22 July 1985, the County moved for summary judgment, which was granted on 18 September 1985. Judge C. Preston Cornelius enjoined the City

from using the Westside Sewage Treatment Plant to provide sewer services to citizens of Davidson County, whether *within* or without the City of High Point, without first obtaining the approval of the Davidson County Board of Commissioners.

(Emphasis added.)

The City appealed. As both parties point out in their briefs before this Court, the Court of Appeals proceeded on a theory not briefed or argued by either party, finding that the Westside Facility was not a building within the meaning of N.C.G.S. § 153A-347 (which provides that a county's zoning regulations are applicable "to the erection, construction, and use of buildings") but was rather a public enterprise within the meaning of N.C.G.S. §§ 153A-274 and 160A-311. *Davidson County v. City of High Point*, 85 N.C. App. at 37, 354 S.E. 2d at 286-87. The Court of Appeals found that N.C.G.S. § 153A-340 did not specifically give a county the authority *to* regulate another jurisdiction's public enterprises located within its borders and held that the statute related to private property and was not to be broadened to include a municipality's use of land for a public enterprise as listed in N.C.G.S. § 160A-311. *Davidson County v. City of High Point*, 85 N.C. App. at 40, 354 S.E. 2d at 288. Thus, the Court of Appeals held that the City was not required to comply with the County's zoning ordinances in upgrading its Westside Facility or in using it to provide sewer service to newly annexed areas. *Id.* at 42, 354 S.E. 2d at 289. We granted discretionary review.

[1] While we agree with the result the Court of Appeals reached in this case, we do so for a different and narrower reason. We express no opinion as to the correctness of the Court of Appeals' conclusion that a city-owned public enterprise located outside corporate limits is not subject to the county's zoning laws. The City made no such contention or argument either in the trial court or before the Court of Appeals. While the broad question addressed by the Court of Appeals certainly underlies this case, its resolution was unnecessary given the specific issue the parties briefed and argued. The issue actually presented below and which this Court will address is the narrow question of whether the specific pertinent provision of condition 4 that the County seeks to impose is outside the scope of its authority because it attempts to regu-

late those who may be served by the Westside Facility within the City's newly annexed areas. We conclude that the pertinent provision of condition 4 as attached to the special use permit is beyond the County's authority to impose and is therefore unenforceable.

[2] Counties, like cities, exist solely as political subdivisions of the State and are creatures of statute. They are authorized to exercise only those powers expressly conferred upon them by statute and those which are necessarily implied by law from those expressly given. *O'Neal v. Wake County*, 196 N.C. 184, 145 S.E. 28 (1928); *Board of Commissioners v. Hanchett Bond Co.*, 194 N.C. 137, 138 S.E. 614 (1927). Powers which are necessarily implied from those expressly granted are only those which are indispensable in attaining the objective sought by the grant of express power. *O'Neal v. Wake County*, 196 N.C. 184, 145 S.E. 28. Statutorily granted powers are to be strictly construed. *Jackson v. Board of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969); *Insurance Co. v. Guilford County*, 225 N.C. 293, 34 S.E. 2d 430 (1945).

In North Carolina, the State has delegated to counties the authority to make ordinances and regulate buildings within their borders. N.C.G.S. § 153A-121(a) (1983). They may also issue special use permits, with "reasonable and appropriate conditions." N.C. G.S. § 153A-340 (Cum. Supp. 1985). A county's zoning authority, however, is limited: it can be applied only to buildings within the county's borders which are outside city limits, and it is confined to the purposes of promoting health, safety, morals, or the general welfare. N.C.G.S. § 153A-340 (1985). In this case, the pertinent provision of condition 4 as attached to the special use permit runs afoul of the first limitation.

A county has the power to impose reasonable zoning requirements on buildings operated by certain other governmental units within its boundaries. N.C.G.S. § 153A-347 provides in pertinent part:

> Each provision of this Part [Zoning] is applicable to the erection, construction, and use of buildings by the State of North Carolina and its political subdivisions.

N.C.G.S. § 153A-347 (Cum. Supp. 1985). In exercising their zoning authority, counties are further limited in that they are required by statute to exercise their zoning regulations "with reasonable

consideration to expansion and development of any cities within the county, so as to provide for their orderly growth and development." N.C.G.S. § 153A-341 (1983).

The statutes do not give the County authority over the provision of sewer services within the City, or over newly annexed areas of the City which also lie in the County. *Taylor v. Bowen,* 272 N.C. 726, 158 S.E. 2d 837 (1968). To hold otherwise would give the County unfettered discretion to control the City's population growth through zoning restrictions and would ignore the legislature's intent with regard to urban growth. N.C.G.S. § 160A-45(1) (1982); N.C.G.S. § 153A-341 (1983).

The County's territorial jurisdiction is delineated in N.C.G.S. § 153A-320:

> Each of the powers granted to counties by this Article, by Chapter 157A, and by Chapter 160A, Article 19 may be exercised throughout the county *except* as otherwise provided in G.S. 160A-360.

N.C.G.S. § 153A-320 (1983) (emphasis added).

N.C.G.S. § 160A-360(a) provides that all the zoning powers granted to cities as described in article 19 of chapter 160A "may be exercised by any city within its corporate limits." The statute goes on to provide:

> (f) When a city annexes, or a new city is incorporated in, or a city extends its jurisdiction to include, an area that is currently being regulated by the county, the county regulations and powers of enforcement shall remain in effect until (i) the city has adopted such regulations, or (ii) a period of 60 days has elapsed following the annexation, extension or incorporation, whichever is sooner. During this period the city may hold hearings and take any other measures that may be required in order to adopt its regulations for the area.

N.C.G.S. § 160A-360(f) (1982).

A county, therefore, may not exercise jurisdiction over any part of a city located within its borders. *Taylor v. Bowen,* 272 N.C. 726, 158 S.E. 2d 837; *County of Cumberland v. Eastern*

*Federal Corp.*, 48 N.C. App. 518, 269 S.E. 2d 672, *cert. denied*, 301 N.C. 527, 273 S.E. 2d 453 (1980). A city, on the other hand, has statutory authority to annex areas both contiguous and noncontiguous to its primary corporate limits. N.C.G.S. §§ 160A-46, -58.1 (1982). It must stand ready to provide sewer service (among other services) to newly annexed areas on substantially the same basis and in the same manner in which these services are provided to the rest of the city. *Cockrell v. City of Raleigh*, 306 N.C. 479, 293 S.E. 2d 770 (1982); *In re Annexation Ordinance No. D-21927*, 303 N.C. 220, 278 S.E. 2d 224 (1981); N.C.G.S. § 160A-47(3) (1982). A city may "acquire, construct, establish, enlarge, improve, maintain, own, operate, and contract for the operation of any or all of the public enterprises" outside its corporate limits, within reasonable limitations. N.C.G.S. § 160A-312 (1982).

The focus in this case is solely upon the residents of the City's newly annexed areas. The County argues that it has zoning power over the Westside Facility because it is located within its borders, rather than within the City or the City's newly annexed areas. Under N.C.G.S. §§ 160A-46 to -49, the City took jurisdiction over residents in the newly annexed areas. *Taylor v. Bowen*, 272 N.C. 726, 158 S.E. 2d 837. The City is directed by N.C.G.S. § 160A-47 to provide sewer service to its residents. It appears that the City can best do so by using the Westside Facility. Since the County has no authority to restrict or regulate the City's provision of sewer service to its residents, the City can use the Westside Facility to meet its statutory mandate without seeking the County's prior approval, even though the facility is located in the county. In short, the County may not use condition 4 to impose limitations outside the scope of its statutory authority. *Surplus Co. v. Pleasants, Sheriff*, 264 N.C. 650, 142 S.E. 2d 697 (1965).

The County contends that because the City accepted the benefits of the special use permit and proceeded to upgrade the Westside Facility pursuant thereto, it is estopped to deny the permit's validity. We disagree. The City has never and is not now attacking the permit's *validity*. It is, rather, questioning only the *interpretation* of the pertinent provision of condition 4. *See State Trust Co. v. Finance Co.*, 238 N.C. 478, 78 S.E. 2d 327 (1953). This appeal presents only the narrow issue of the City's right to provide sewer service to residents in the newly annexed areas with-

out obtaining the County's prior approval. Resolution of this issue necessarily includes an interpretation of the pertinent provision of condition 4. The City is not estopped to put forward its arguments in support of its interpretation.

Finally, the County contends that the City is precluded from challenging the meaning of the pertinent provision of condition 4 in court because it failed to pursue the administrative remedies afforded under the special use permit. We disagree. Since the City was unaware of the County's differing interpretation of condition 4, it could not have known that it should have appealed the issue to Davidson County Superior Court within thirty days of receiving the permit. The permit was issued on 4 October 1983. The City's first intimation that interpretation of the pertinent provision of condition 4 was in contention was the 20 September 1984 letter from the County Board of Commissioners. The County cannot now be heard to assert that the City should have pursued administrative remedies for a problem it was unaware existed.

We hold as a matter of law that imposition of the pertinent provision of condition 4 on the City in providing sewer service to its citizens in the newly annexed areas is outside the scope of the County's authority and is therefore unenforceable.

Modified and affirmed.

Justice MITCHELL did not participate in the consideration or decision of this case.