WILLIAM AND HILDA BETHUNE, EVELYN BYRD, LOIS BYRD, SIRENA BYRD, EDNA
BAGGETT CROOK, JIM DAVIDSON, DAN DENNING, BEVERLY AND GLENN
GREGORY, BOB GOULD, MARGARET GOURLAY, DR. SARAH HAGLER,
FRANKIE AND TRUDY HAMILTON, HELEN HOFFMAN, GLENN JOHNSON,
WILLIAM A. JOHNSON, ED MENNINGER, SENATOR ROBERT MORGAN, LIDA
O'QUINN, CHARLOTTE RENN, W.K. (BILLY) SEXTON, LAMAR SIMMONS, W.T.
SIMMONS, JEFFREY SURLES, STAMEY TAYLOR, DONALD RAY AND DONNA
TURLINGTON, MARTHA LAYTON WINSTON, BOBBY WOMBLE, DR. J.W.
BAGGETT, RUSSELL W. BRADLEY v. COUNTY OF HARNETT, AND DAN
ANDREWS, JOE BOWDEN, TEDDY BYRD, BEATRICE HILL, AND WALT
TITCHENER, INDIVIDUALLY AND AS HARNETT COUNTY COMMISSIONERS

No. 174PA98

(Filed 4 December 1998)

## Counties §§ 49; 56 (NCI4th)— Harnett County courthouse— change of location—1855 local act—authority of current commissioners

The trial court erred by granting summary judgment for
plaintiffs in an action to enjoin defendant Harnett County com-
missioners from moving the location of the Harnett County
courthouse from its present site. Although plaintiffs contend that
local acts of 1855 and 1859 conclusively established the bound-
aries of the county seat and mandate that the courthouse be
located within those boundaries, N.C.G.S. § 153A-169 provides
that a county's board of commissioners may designate and redes-
ignate the site for any county building, including the courthouse.
The local acts are superseded by N.C.G.S. § 153A-169 to the
extent that the 1855 and 1859 special local acts omit or limit the
authority of the elected Board to designate or redesignate
the location of the county courthouse; N.C.G.S. § 153A-3(d) con-
tains the necessary expression of legislative intent for a subse-
quent general law to supersede an earlier local act.

On discretionary review pursuant to N.C.G.S. § 7A-31, prior to a
determination by the Court of Appeals, of an order entered on 11
December 1997 by Manning, J., in Superior Court, Harnett County,
granting plaintiffs' motion for summary judgment. Heard in the
Supreme Court 18 November 1998.

*Robert B. Morgan, pro se, Glenn Johnson, pro se, William A. Johnson, pro se, and James P. Davidson, pro se, for plaintiff-appellees.*

*Law Offices of Dwight W. Snow, by Dwight W. Snow; and Tharrington Smith, L.L.P., by Wade M. Smith, for defendant-appellants.*

FRYE, Justice.

The sole issue in this case is whether defendants, Harnett County commissioners, have the power to relocate the Harnett County courthouse outside of the original boundaries of the Town of Lillington as they were established by legislative enactment in the 1858-1859 session of the North Carolina General Assembly. For the reasons stated in this opinion, we hold that they do.

In 1855, the General Assembly enacted special legislation establishing Harnett County. Act of Feb. 7, 1855, ch. 8, 1854-55 N.C. Sess. Laws 22; Act of Feb. 15, 1855, ch. 9, 1854-55 N.C. Sess. Laws 23. The local act provided, *inter alia*, that: the county seat was to be located on a tract of land at or within three miles of the geographical center of the county; such town was to be called Toomer; and within the limits of Toomer, the courthouse and other public buildings were to be erected. Ch. 9, sec. 7, 1854-55 N.C. Sess. Laws at 24.

In 1859, the General Assembly enacted additional special legislation pertaining to Harnett County. Act of Feb. 16, 1859, ch. 5, 1858-59 N.C. Sess Laws. 12. This local act provided for the election of county commissioners who were authorized to purchase one hundred acres of land, suitable for a town (Lillington), not more than three miles from the center of the county. Ch. 5, secs. 1, 3, 1858-59 N.C. Sess. Laws at 12,13. The act also provided for a vote of the county's citizens to choose between Toomer and Lillington as the location of the county seat. Ch. 5, sec. 4, 1858-59 N.C. Sess. Laws at 13. The sheriff of Harnett County was to hold an election and "all those voting for the county site at Toomer, shall vote a ballot with the name 'Toomer,' written or printed thereon, and those voting for the county seat at the place selected by the commissioners aforesaid, shall vote a similar ballot, with the name 'Lillington' written or printed thereon." *Id.* Following certification of the election results, the Governor was to announce by proclamation which place had been selected as the site of the county seat, and "such place shall thereafter be, and is hereby declared to be established as the county seat of said county." Ch. 5,

BETHUNE v. COUNTY OF HARNETT

[349 N.C. 343 (1998)]

sec. 5, 1858-59 N.C. Sess. Laws at 14. On 31 October 1859, Governor Ellis proclaimed that "624 votes were cast for the town of Lillington and 140 votes for the town of Toomer," and thus declared that Lillington had been selected as the "future seat of justice" for Harnett County by a majority of the voters of the county. The Harnett County courthouse has occupied its present location in Lillington since its original construction, having been rebuilt twice following fire.

In June 1991, the Harnett County Board of Commissioners (Board) appointed an Architectural Committee (Committee) to gather information concerning the needs of Harnett County in the location and construction of various county buildings, including a courthouse. The Committee concluded that a new courthouse was necessary to adequately serve the current and future needs of the citizens of Harnett County and recommended that a new county courthouse be located at the Harnett County Governmental Complex (Complex). On 21 July 1997, the Board formally adopted a resolution to relocate the county courthouse to the Complex site. We note that while the Complex is north of Lillington's town center and the present location of the county courthouse, the proposed site for the new courthouse is within the present municipal boundaries of Lillington. We take judicial notice that the Town of Lillington remains the county seat of Harnett County.

On 23 May 1997, plaintiffs brought suit to enjoin defendants from moving the location of the Harnett County courthouse from its present site. On 11 December 1997, defendants' motion for summary judgment was denied, plaintiffs' motion for summary judgment was granted, and defendants were enjoined from "moving the location of the Harnett County Courthouse . . . outside of the boundaries of the Town of Lillington as they were established pursuant to the legislative enactments of the North Carolina General Assembly in its 1854-1855 and 1858-1859 sessions." Defendants gave notice of appeal to the Court of Appeals on 5 January 1998. Defendants' petition for discretionary review prior to a determination by the Court of Appeals was allowed by this Court on 29 July 1998. On 21 October 1998, this Court allowed plaintiffs' motion to supplement the record.

Plaintiffs contend that the local acts enacted by the General Assembly in 1855 and 1859 conclusively established the boundaries of the county seat of Harnett County and therefore mandate that the Harnett County courthouse must be located within the original one hundred acres of land acquired and delineated pursuant to the local

act of 1859. Plaintiffs thus contend that the location of the county courthouse may not be moved beyond the original one hundred acres without further legislative action by the General Assembly.

For the purpose of resolving the instant case, we will assume, without deciding, that the local acts did affirmatively establish the location of the county courthouse as plaintiffs contend. Even so, we hold that defendants have the express authority, pursuant to N.C.G.S. § 153A-169, to redesignate the location of the Harnett County courthouse.

In 1973, the General Assembly enacted N.C.G.S. § 153A-169, which continues to govern designation and redesignation of county courthouse sites. The statute provides, in relevant part, that a county's board of commissioners "may designate and redesignate the site for any county building, *including the courthouse.*" N.C.G.S. § 153A-169 (1991) (emphasis added). Plaintiffs contend that this general statute, enacted after the special local acts, does not empower defendants to redesignate the location of the Harnett County courthouse because of the well-established rule that a subsequent general law cannot repeal or supersede an earlier local act without a clear expression of intent by the legislature. *See, e.g., City of Durham v. Manson,* 285 N.C. 741, 208 S.E.2d 662 (1974). However, we conclude that N.C.G.S. § 153A-3(d) contains the necessary expression of legislative intent.

Pursuant to N.C.G.S. § 153A-3(d),

[i]f a power, right, duty, function, privilege, or immunity is conferred on counties by this Chapter [153A], and a local act enacted earlier than this Chapter omits or expressly denies or limits the same power, right, duty, function, privilege, or immunity, this Chapter supersedes the local act.

N.C.G.S. § 153A-3(d) (1991). We note that a county exercises its powers, rights, and duties through the actions of its elected board of commissioners. N.C.G.S. § 153A-12 (1991); *see also Board of Comm'rs of McDowell County v. Hanchett Bond Co.,* 194 N.C. 137, 138 S.E. 614 (1927).

By enacting N.C.G.S. § 153A-169, the General Assembly conferred upon county boards of commissioners the power or right to "designate and redesignate the site of any county building, including the courthouse." However, plaintiffs' construction of the 1855 and 1859 local acts omits or limits the power to redesignate the location of the

county courthouse, which is a power or right conferred by chapter 153A of the General Statutes. Therefore, to the extent that the 1855 and 1859 special local acts concerning Harnett County omit or limit the authority of the elected Board to designate or redesignate the location of the county courthouse, the local acts are superseded by N.C.G.S. § 153A-169.

Because defendants exercised a power expressly conferred upon them in their official capacity as county commissioners, we hold that the trial court erred in granting summary judgment for plaintiffs. For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for entry of summary judgment in favor of defendants.

REVERSED AND REMANDED.