G. WAYNE OVERTON AND ABODE OF CAMDEN, INC., PETITIONERS-APPELLEES V. CAMDEN COUNTY, CAMDEN COUNTY BOARD OF COMMISSIONERS, AND THE CAMDEN COUNTY BOARD OF ADJUSTMENT, RESPONDENTS-APPELLANTS

No. COA02-276

(Filed 31 December 2002)

1. Zoning—conditional use permit—house storing business— ability to impose conditions

Although respondents contend the trial court erred in a zoning case by holding that the Board of Adjustment lacked authority to impose conditions upon its approval of petitioners' conditional use to operate their house storing business on the 1321 property, the language of the trial court does not restrict the Board of Adjustment's ability to impose conditions and in fact authorizes the imposition of conditions as long as those conditions are authorized by the Uniform Development Ordinance.

2. Zoning—conditional use permit—house storing business— nonconforming use—indirect regulation prohibited

The trial court did not err in a zoning case by striking conditions eleven and twelve of the conditional use permit issued by the Board of Adjustment for the 1321 property requiring all houses stored at the nonconforming 1330 site be relocated to the approved 1321 site within no more than sixty days and requiring that another conditional use permit be amended to reflect a change in business from the 1330 property to the 1321 property, because: (1) the Board may not impose conditions on a conditional use permit for the 1321 property in order to regulate indirectly what it is prohibited from doing directly under the Uniform

Development Ordinance, namely the 1330 property; and (2) the Board cannot require the business to be relocated from the 1330 property to the 1321 property as a condition of the conditional use permit for the 1321 property.

### 3. Zoning—conditional use permit—house storing business—reissuance of permit

The trial court did not err by striking invalid conditions eleven and twelve of the conditional use permit issued by the Board of Adjustment for the 1321 property and by ordering the Board of Adjustment to reissue a conditional use permit without these conditions attached, because there are no administrative decisions remaining and the same result would occur on remand.

Appeal by respondents from an order entered 25 October 2001 by Judge James R. Vosburgh in Superior Court, Camden County. Heard in the Court of Appeals 16 October 2002.

*Hornthal, Riley, Ellis & Maland, L.L.P., by Donald I. McRee, Jr., for petitioners-appellees.*

*Herbert T. Mullen, Jr. and Shelley T. Eason, for respondents-appellants.*

McGEE, Judge.

The Camden County Board of Commissioners (Board of Commissioners) adopted the Camden County Zoning Ordinance (CCZO) in December of 1993. At that time G. Wayne Overton and Abode of Camden, Inc. (petitioners) operated a house moving and storage business on property located at 1330 South NC 343 (the 1330 property) in Camden County, North Carolina. The Board of Commissioners assured petitioners on 18 July 1994 that petitioners could continue to operate their business as a nonconforming use under the CCZO.

At a meeting of the Board of Commissioners on 3 June 1996, the Commissioners discussed petitioners' use of the 1330 property and that the property had become an eyesore. The Board of Commissioners decided to tell petitioners that the 1330 property must be cleaned up within a reasonable time.

Petitioners applied for a conditional use permit to store houses for resale at 1321 South NC 343 (the 1321 property) on 12 October 2000. The 1321 property was across the highway from the 1330 prop-

erty. The Camden Uniform Development Ordinance (UDO) had been adopted in 1998, replacing the CCZO. The UDO was amended in 1999 to permit outside storage as a conditional use under the UDO. Petitioners' conditional use permit hearing was scheduled for 7:00 p.m. on 6 November 2000 before the Camden County Board of Adjustment (Board of Adjustment). The Board of Commissioners held a meeting on the morning of 6 November 2000 and discussed the fact that petitioners had not cleaned up the 1330 property as previously requested. The Board of Commissioners then passed a motion allegedly revoking petitioners' right to use the 1330 property for house storage. At the Board of Adjustment meeting that evening, petitioners stated that they now wanted to move the entire house storage operation to the 1321 property. Before the alleged revocation of petitioners' right to operate on the 1330 property, petitioners were seeking only to use the 1321 property as an additional storage location, not as a replacement site for the 1330 property. At the time of the hearing, both petitioners and the Board of Adjustment believed that the Board of Commissioners had revoked petitioners' right to operate a house storing business at the 1330 property.

The Board of Adjustment issued a conditional use permit to petitioners, authorizing use of the 1321 property for outdoor storage of up to twelve houses for twelve months, subject to certain stated conditions. Two of those conditions were that petitioners move the entire house storage operation at the 1330 property to the 1321 property within thirty days, eventually extended to sixty days, and that the conditional use permit of a third party for a mobile home on nearby property be amended to reflect the change in business from the 1330 property to the 1321 property. Petitioners were informed that failure to comply with the conditions imposed would result in nullification of the conditional use permit.

Petitioners wrote the Camden County Permit Officer on 27 November 2000 requesting, *inter alia*, that he clarify what permit the Board of Commissioners had previously issued for the 1330 property and by what authority the Board of Commissioners had revoked it. Petitioners filed a petition for writ of certiorari on 5 December 2000 requesting that the superior court review the Board of Adjustment's imposition of conditions and the Board of Commissioners' alleged revocation of their right to operate at the 1330 property. The superior court filed an order on 25 October 2001, holding that the Board of Commissioners' action attempting to revoke petitioners' right to operate at the 1330 property was a nullity and that two of the condi-

tions imposed by the Board of Adjustment on the conditional use permit for the 1321 property were null and void. The trial court ordered the Board of Adjustment to issue petitioners a new conditional use permit "without the imposition of conditions not authorized by the Camden County UDO." Respondents appeal from this order.

I.

Respondents have made no argument in their brief in support of their first assignment of error and it is therefore dismissed. N.C.R. App. P. 28(a) (2002). They also state they no longer challenge the portion of the trial court's order to which they assigned error in their second and third assignments and acknowledge that

[b]y virtue of its nonconforming status, the Petitioners' original operation at 1330 South NC 343 did not require a zoning permit to continue and, in fact, it never received a zoning permit. Therefore, there was no permit for the Board of Commissioners to "revoke" at their November, 2000 meeting and any attempt to do so was a nullity. The trial court correctly found that the [Commissioners'] action was a nullity to the extent that it purported to revoke a nonconforming zoning permit. Camden County does not challenge this portion of the trial court's order.

Therefore, we also dismiss respondents' second and third assignments of error. N.C.R. App. P. 28(a).

II.

[1] Respondents first argue that the trial court erred in holding that the Board of Adjustment lacked authority to impose conditions upon its approval of petitioners' conditional use to operate their business on the 1321 property. The trial court's 25 October 2001 order states:

This matter and Petitioners' October 12, 2000 application for a conditional use permit is [sic] herewith remanded to the Respondent Camden County Board of Adjustment for issuance of the conditional use permit with respect to Petitioners' property located at 1321 South NC Hwy 343, Shiloh Township, Camden County, North Carolina in accordance with this Order and without the imposition of conditions not authorized by the Camden County UDO.

This language by the trial court does not restrict the ability of the Board of Adjustment to impose conditions on the issuance of the conditional use permit for the 1321 property in general. It allows the

imposition of conditions, as long as those conditions are authorized by the UDO. N.C. Gen. Stat. § 153A-340(c) (2001) states that a board of adjustment "may impose reasonable and appropriate conditions and safeguards upon [conditional use] permits." A court will normally defer to a board of adjustment so long as a condition is reasonably related to the proposed use, does not conflict with the zoning ordinance, and furthers a legitimate objective of the zoning ordinance. *See Chambers v. Board of Adjustment*, 250 N.C. 194, 197, 108 S.E.2d 211, 213 (1959) (noting that Boards of Adjustment cannot waive requirements under a zoning ordinance); *Bernstein v. Board of App., Village of Matinecock*, 302 N.Y.S.2d 141, 146 (N.Y. Sup. Ct. 1969) ("The conditions imposed cannot go beyond the ordinance, which is the source of the Board's power, [t]hey must be directly related to and incidental to the proposed use of the property, and the conditions stated must be sufficiently clear and definite.that the permittee and his neighbors are not left in doubt concerning the extent of the use permitted.") (citations omitted) (cited in *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 344 S.E.2d 272 (1986)); *see also* 3 A. Rathkopf & D. Rathkopf, *The Law of Zoning and Planning* § 61.49 (Supp. 2001).

Section 1915 of the UDO authorizes the Board of Adjustment to attach conditions in addition to those specified in the UDO that will ensure the development in its proposed location:

(a) will not endanger the public health or safety; (b) will not injure the value of adjoining or abutting property; (c) will be in harmony with the area in which it is located; (d) will be in conformity with the Land Use Plan . . .; and, (e) will not exceed the county's ability to provide adequate public facilities[.]

The trial court is therefore not limiting the Board of Adjustment's ability to impose conditions only to those conditions explicitly provided in the UDO.

The general law of zoning indicates that a condition imposed on a conditional use permit is improperly imposed when it is not related to the use of the land, the control, ownership, or transfer of property, it unreasonably affects the way in which business on the property can be conducted, or it conflicts with a zoning ordinance. 3 Anderson, *American Law of Zoning* § 21.32 (4th ed. 1998). *See also Davidson County v. City of High Point*, 321 N.C. 252, 259, 362 S.E.2d 553, 558 (1997) (holding that a county may not attach conditions that impose limitations outside the scope of its authority).

The trial court simply ruled that the Board of Adjustment could not impose conditions that were in derogation of either the express conditions of the UDO, or the reasonable conditions permitted in addition to those expressly provided. The trial court did not rule that respondents could not impose conditions upon petitioner's conditional use permit. Respondents' argument lacks merit.

## III.

**[2]** Respondents next argue that the trial court erred by striking conditions 11 and 12 of the conditional use permit issued by the Board of Adjustment for the 1321 property. The pertinent conditions of the conditional use permit are that a conditional use permit issued on 7 July 1997 to G. Overton concerning occupancy of a mobile home permitted at the Petitioners' old location be amended to apply to the newly permitted site; and that all houses stored at the nonconforming 1330 site be relocated to the approved 1321 site within no more than sixty days.

## A.

Condition 12 of the conditional use permit required that all houses stored at the nonconforming 1330 site be relocated to the approved 1321 site within no more than sixty days. While the use of the 1330 property was made unlawful by the zoning ordinances in this case, as admitted by respondents, because the use existed prior to the adoption of the zoning ordinances, it was "grandfathered" in as a nonconforming situation. *See* UDO § 1401 & 1402. Nonconforming situations otherwise lawful at the enactment of the Camden zoning ordinances do not require a zoning permit to continue. *See id.*

Zoning ordinances may prohibit the enlargement of a nonconforming use. *Kirkpatrick v. Village Council*, 138 N.C. App. 79, 85, 530 S.E.2d 338, 342 (2000). The UDO prohibits nonconforming uses from expanding or increasing in size, changing uses, or resuming after discontinuance. Section 1404 of the UDO prohibits nonconforming uses from increasing the total amount of space devoted to a nonconforming use or extending the use to cover more land than the use occupied at the time the zoning ordinance was adopted. The definition of nonconforming situations in section 1401 of the UDO refers to an existing *lot* or structure or the use of an existing *lot* or structure. Therefore any prohibition on the expansion of a nonconforming use must be considered with this limitation in mind. The present case involves two separate lots, the 1330 property and the 1321 property. We agree

with petitioners that they are not seeking to expand or enlarge a non-conforming use on the 1330 property. Petitioners are seeking a new use on the 1321 property. Therefore the prohibition on expansion of a nonconforming use does not apply to the situation before us.

The only authority respondents had to regulate the 1330 property under the UDO was contained in section 1406. The Board of Adjustment could limit or otherwise regulate petitioners' use of the 1330 property if there was a change in the use of the property. However, in this case there was no such change in use of a nonconforming situation. The conditions imposed on a conditional use permit should not be inconsistent with the terms of the UDO. *See Chambers*, 250 N.C. at 197, 108 S.E.2d at 213 (noting that Boards of Adjustment cannot waive requirements under a zoning ordinance); *Bernstein*, 302 N.Y.S.2d at 146 ("The conditions imposed cannot go beyond the ordinance, which is the source of the Board's power.") (citations omitted) (cited in *Godfrey*, 317 N.C. 51, 344 S.E.2d 272 (1986)); *see also* 3 A. Rathkopf & D. Rathkopf, *The Law of Zoning and Planning* § 61.49 (Supp. 2001). The Board of Adjustment may not impose conditions on a conditional use permit for the 1321 property in order to regulate indirectly what it is prohibited from doing directly under the UDO, namely regulate the 1330 property. We hold that the Board of Adjustment was without authority to impose condition 12 on the conditional use permit for the 1321 property. Therefore, we affirm the portion of the trial court's order concluding the Board of Adjustment lacked authority to impose condition 12 and finding condition 12 to be null and void.

B.

Condition 11 of the conditional use permit required that another conditional use permit, previously issued to a third party on 7 July 1997 for property located at 187-C Thomas Point Road (Thomas Point Road conditional use permit), be amended to reflect a change in business from the 1330 property to the 1321 property.

We note that whatever rationale the Board of Adjustment had for requiring such a change no longer exists since, as stated above, the Board cannot require the business to be relocated from the 1330 property to the 1321 property as a condition of the conditional use permit for the 1321 property. Further, as held by the trial court, the Board of Commissioners' original action on 6 November 2000 to revoke petitioners' ability to operate their business on the 1330 property was invalid as well. As such, any argument that the amendment to the Thomas Point Road conditional use permit related to the use of the

1321 property since the business would no longer be located on the 1330 property, and that the original reference in the Thomas Point Road conditional use permit to the 1330 property was related to the business conducted is without merit.

The only methods the UDO provides for making changes to a conditional use permit are (1) that a "permitee may request the administrator authorize a minor change to a conditional use permit", (2) but all other amendments "must be processed as a new application and hearing before the board"; and (3) "through a revocation proceeding upon the permitee's failure to comply with the terms of the permit." In the present case there has been no request by the third party to amend the conditional use permit cited in condition 11, nor does the record show any violation of the terms of the third party's conditional use permit. The conditions imposed on a conditional use permit should be consistent with the terms of the UDO. *See Chambers*, 250 N.C. at 197, 108 S.E.2d at 213 (noting that Boards of Adjustment cannot waive requirements under a zoning ordinance); *Bernstein*, 302 N.Y.S.2d at 146 ("The conditions imposed cannot go beyond the ordinance, which is the source of the Board's power.") (citations omitted) (cited in *Godfrey*, 317 N.C. 51, 344 S.E.2d 272 (1986)); *see also* 3 A. Rathkopf & D. Rathkopf, *The Law of Zoning and Planning* § 61.49 (Supp. 2001). Assuming, *arguendo*, that condition 11 did relate to the use of the 1321 property, we find that the attempted modification of a third party's conditional use permit in condition 11 was inconsistent with the terms of the UDO. Therefore, we affirm the portions of the trial court's order concluding the Board of Adjustment lacked authority to impose condition 11 and finding condition 11 to be null and void.

IV.

[3] Respondents argue the trial court erred in striking conditions 11 and 12 and in ordering the Board of Adjustment to issue a conditional use permit without these conditions attached. Respondents cite *Chira v. Planning Board of Tisbury*, 333 N.E.2d 204, 209 (Mass. 1975), for the proposition that a trial court cannot order a permit reissued with or without specified conditions unless the same result would occur from a remand to the Board of Adjustment. Respondents argue that a court assumes an improper role when it modifies a conditional use permit by striking specific provisions in the conditional use permit. Further, respondents cite the boilerplate language found in condition 3 stating that if any of the conditions affixed to the permit are deemed invalid, the permit itself would become void.

OVERTON v. CAMDEN CTY.

[155 N.C. App. 100 (2002)]

Section 1302.1 of the UDO states that

Subject to Subsection (2), the Board of Adjustment or the Board of Commissioners, respectively, shall issue the requested permit unless it concludes, based upon the information submitted at the hearing, that:

(a) the requested Permit is not within its jurisdiction . . .; or,

(b) the application is incomplete; or,

(c) if completed as proposed in the application, the development will not comply with one (1) or more requirements of this Ordinance . . . .

At the Board of Adjustment's 6 November 2000 meeting, the Board of Adjustment specifically found that the requested permit was within its jurisdiction, the application was complete, and the proposed use complied with all of the requirements of the UDO. Therefore, none of the requirements in section 1302.1 of the UDO was violated by petitioner. However the requirement to issue a permit is dependent on satisfying section 1302.2 as well. Section 1302.2 of the UDO states:

Even if the permit issuing board finds that the application complies with all other provisions of this Ordinance, it may still deny the permit if it concludes, based upon the information submitted at the hearing, that if completed as proposed, the development, more probably than not:

(a) will materially endanger the public health or safety; or

(b) will substantially injure the value of adjoining or abutting property; or,

(c) will not be in harmony with the particular neighborhood or area in which it is to be located . . .; or,

(d) will not be in general conformity with the Land Use Plan, Thoroughfare Plan, or other plan officially adopted by the board; or,

(e) will exceed the county's ability to provide adequate public facilities, including, but not limited to, schools, fire and rescue, law enforcement, and other county facilities.

The Board of Adjustment voted unanimously that the proposed conditional use by petitioner met all five of these requirements. There is

no other provision in the UDO under which a Board of Adjustment can deny a conditional use permit for outside storage. Further, neither a board of adjustment, nor a board of commissioners can deny a conditional use permit on the basis that it "adversely affects the public interest" in general. *In re Application of Ellis*, 277 N.C. 419, 424-25, 178 S.E.2d 77, 80-81 (1970).

Although in other jurisdictions, due to separation of powers concerns, a court may not normally strike through the invalid portions of a conditional use permit and order a board of adjustment to reissue the permit without those invalidated conditions, where it is clear that the same action would have resulted from rehearing below or if no administrative decisions remain, the court may do so. *See, e.g., Belvoir Farms Homeowners Ass'n, Inc. v. North*, 734 A.2d 227, 232-33 (Md. 1999); *O'Donnell v. Bassler*, 425 A.2d 1003, 1008-09 (Md. 1981); *Chira v. Planning Board of Tisbury*, 333 N.E.2d 204, 209 (Mass. 1975); *Parish of St. Andrew's Protestant Episcopal Church v. Zoning Bd. of App.*, 232 A.2d 916, 919 (Conn. 1967). Whereas this is an issue of first impression in this State, we adopt the rule that a court may not properly modify a permit issued by a board of adjustment or board of commissioners unless there are no administrative decisions remaining or it is clear that the same result would occur on remand.

In the case before us, as indicated above, the Board of Adjustment made all the administrative decisions relating to the conditional use permit for the 1321 property. The UDO was amended in 1999 to permit outside storage as a conditional use under the UDO. The Board of Adjustment voted that every necessary requirement under the UDO was satisfied by petitioners and their proposed use of the 1321 property. The Board of Adjustment made the correct inquiry and made all of the necessary administrative determinations for issuance of a conditional use permit for the 1321 property.

Further, given the Board of Adjustment's determination that petitioners' proposed use satisfied all of the requirements under section 1302, and the language in section 1302 limiting denial of a conditional use permit to the failure of those criteria, the Board of Adjustment would be required by the terms of its own ordinance, the UDO, to issue the conditional use permit to petitioners on remand.

Therefore, the trial court did not err in striking the invalid conditions originally imposed by the Board of Adjustment and ordering

NEUSE RIVER FOUND., INC. v. SMITHFIELD FOODS, INC.

[155 N.C. App. 110 (2002)]

reissuance of the conditional use permit for the 1321 property without the two conditions attached.

We affirm the order of the trial court.

Affirmed.

Judges HUDSON and BIGGS concur.