NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Plaintiff v. THE BOARD OF TRUSTEES OF GUILFORD TECHNICAL COMMUNITY COLLEGE, Defendant

No. COA06-401

(Filed 21 August 2007)

**1. Appeal and Error— appealability—sovereign immunity— substantial right**

Although defendant community college's appeal from the denial of its motion to dismiss is an appeal from an interlocutory order, it is immediately appealable because the defense of sovereign immunity affects a substantial right.

**2. Immunity— sovereign—community college—reimbursement of payments for workers' compensation benefits**

The trial court erred by denying defendant community college's motion to dismiss a declaratory judgment action by the Insurance Guaranty Association for reimbursement of payments for workers' compensation benefits under the net worth provisions of the Guaranty Act in N.C.G.S. § 58-48-50(a1), because: (1) the cases cited by plaintiff from other jurisdictions are not instructive when they fail to analyze whether the sovereign immunity defense is a bar to a guaranty association's right to reimbursement from a State agency, and no legal authority exists to support a guaranty association's right to seek reimbursement from a State agency which has asserted sovereign immunity; (2)

[185 N.C. App. 518 (2007)]

our General Assembly has explicitly waived defendant's sovereign immunity only as to its institutional employees raising valid workers' compensation claims; (3) the General Assembly is silent as to any claims for reimbursement plaintiff has against the State; and (4) there are no provisions in the North Carolina General Statutes that present a clear waiver of defendant's sovereign immunity or a plain unmistakable mandate for waiver of sovereign immunity.

Defendant appeals from an order entered 26 January 2006 by Judge A. Leon Stanback, Jr. in Wake County Superior Court. Heard in the Court of Appeals 5 June 2007.

*Nelson, Mullins, Riley, & Scarborough, LLP, by Christopher J. Blake, for plaintiff-appellee.*

*Smith Moore, LLP, by Sidney S. Eagles, Jr. and James R. Holland, for defendant-appellant.*

BRYANT, Judge.

The Board of Trustees of Guilford Technical Community College (defendant-GTCC) appeals from an order entered 26 January 2006 denying its motion to dismiss a declaratory judgment action filed by North Carolina Insurance Guaranty Association (plaintiff-NCIGA). Because we hold NCIGA's claim for reimbursement for payments made on behalf of GTCC is barred by the doctrine of sovereign immunity, we reverse the judgment of the trial court.

This case arises from claims for workers' compensation benefits made against GTCC by its employees that were paid by NCIGA as "covered claims" within NCIGA's obligations under the North Carolina Insurance Guaranty Association Act (Guaranty Act). N.C. Gen. Stat. § 58-48-1, *et seq.* GTCC is a two-year accredited community college operating under the provisions of N.C. Gen. Stat. § 115D-1, *et seq.* NCIGA is a non-profit, unincorporated, statutory association arising and existing pursuant to the Guaranty Act. GTCC purchased workers' compensation liability insurance from Reliance Insurance Company (Reliance). Reliance was declared insolvent and placed into liquidation in Pennsylvania on 3 October 2001.

Following Reliance's insolvency, NCIGA fulfilled its statutory obligations under the Guaranty Act, and began making indemnity and defense payments in connection with GTCC workers' compensation claims which were "covered claims" under the Guaranty Act. NCIGA

thereafter demanded that GTCC reimburse $324,013 paid by NCIGA through 19 August 2005 on GTCC workers' compensation claims. NCIGA's demand for reimbursement was made pursuant to N.C. Gen. Stat. § 58-48-50(a1), a provision of the Guaranty Act which grants NCIGA the right to recover all sums paid for "covered claims" on behalf of an insured if the insured's net worth as of December 31 of the year preceding the insolvency of the insured's carrier exceeds $50 million. N.C. Gen. Stat. § 58-48-50(a1) (2005). GTCC does not dispute that it had a net worth in excess of $50 million as of 31 December 2000.

NCIGA commenced a declaratory judgment action on 20 September 2005 against GTCC. NCIGA's complaint seeks reimbursement from GTCC pursuant to the net worth provisions of the Guaranty Act. In response to NCIGA's complaint, GTCC moved to dismiss pursuant to Rules 12 (b)(1), (b)(2) and (b)(6) of the North Carolina Rules of Civil Procedure, all on the grounds NCIGA's claims against GTCC were barred by sovereign immunity. The trial court denied GTCC's motion to dismiss. Defendant-GTCC appeals.

---

Defendant argues that based on the doctrine of sovereign immunity the trial court erred by denying GTCC's motion to dismiss because: (I) the trial court lacked subject matter jurisdiction (II) the trial court lacked personal jurisdiction and (III) plaintiff failed to state a claim upon which relief may be granted.

The standard of review on appeal from a motion to dismiss is *de novo. Hatcher v. Harrah's N.C. Casino Co., LLC,* 169 N.C. App. 151, 155, 610 S.E.2d 210, 212 (2005). "Under a *de novo* review, the [C]ourt considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *In re Greens of Pine Glen Ltd. P'ship,* 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing *Mann Media, Inc. v. Randolph County Planning Bd.,* 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002)).

**[1]** Defendant argues the trial court erred by denying their motion to dismiss on the basis of sovereign immunity because the trial court lacked subject matter and personal jurisdiction. Initially, we note the immediate appeal, although interlocutory, is appropriate because the trial court's denial of a motion to dismiss based on GTCC's sovereign immunity defense affects a substantial right. *McClennahan v. N.C. Sch. of the Arts,* 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (Appeals raising issues of sovereign immunity affect a substantial

right and are immediately appealable.) (internal quotation marks and citations omitted). However,

> "an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction[.]" [*Data Gen. Corp. v. County of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 245-46 (2001).] Therefore, our Court held that the denial of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not immediately appealable, even where the defense of sovereign immunity is raised. *Id.* at 100, 545 S.E.2d at 246.

*Davis v. Dibartolo*, 176 N.C. App. 142, 144, 625 S.E.2d 877, 880 (2006). Therefore, we review defendant's appeal from their motion to dismiss on the basis of defendant's claim that the trial court lacked personal jurisdiction to determine whether the General Assembly has waived GTCC's sovereign immunity for claims by NCIGA under the reimbursement provision of the Guaranty Act.

[2] The reimbursement provision of the Guaranty Act states in pertinent part:

> The [NCIGA] shall have the right to recover from the following *persons* the amount of any "covered claim" paid on behalf of such person pursuant to this Article: (1) *Any insured* whose net worth on December 31 of the year next preceding the date the insurer becomes insolvent exceeds fifty million dollars ($50,000,000) and whose liability obligations to other persons are satisfied in whole or in part by payments under this Article. . . .

N.C. Gen. Stat. § 58-48-50 (a1) (2002)[1] (emphasis added). While the General Assembly did not define the term "insured" in the Guaranty Act, a "person" is defined as "any individual, corporation, partnership, association or voluntary organization." N.C. Gen. Stat. § 58-48-20 (8) (2002). NCIGA argues that the broad language of "any insured" in the reimbursement provision waives GTCC's sovereign immunity.

However, a waiver of sovereign immunity can be made only by the General Assembly. *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 338, 556 S.E.2d 38, 40 (2001). North Carolina courts have applied a rule of strict construction to statutes authorizing waiver of sovereign immunity. *Id.* (citation omitted); *Jones v. Pitt Co. Mem. Hosp.*, 104

---

1. This provision was amended in 2003. However, the 2002 version of the statute remains applicable to insurer insolvencies, such as Reliance, which occurred prior to the effective date of the 2003 amendments.

N.C. App. 613, 615-16, 410 S.E.2d 513, 514 (1991). Our Supreme Court has stated "[i]t is for the General Assembly to determine when and under what circumstances the State may be sued." *Jones* at 615-16, 410 S.E.2d at 514 (citing *Great Am. Ins. Co. v. Gold, Comm'r of Ins.*, 254 N.C. 168, 172-73, 118 S.E.2d 792, 795 (1961)). Further,

> [t]he State and its governmental units cannot be deprived of the sovereign attributes of immunity except by a clear waiver by the lawmaking body. The concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule. Any such change should be by *plain, unmistakable mandate of the lawmaking body.*

*Wood* at 338, 556 S.E.2d at 40 (quotation omitted); *See Orange County v. Heath*, 282 N.C. 292, 296, 192 S.E.2d 308, 310-11 (1972) ("the Courts will never say that [sovereign immunity] has been abrogated, abridged, or surrendered, except in deference to *plain, positive legislative declarations* to that effect") (emphasis added); *Davidson County v. High Point*, 85 N.C. App. 26, 37, 354 S.E.2d 280, 286, *aff'd as modified*, 321 N.C. 252, 362 S.E.2d 553 (1987) (citation omitted) ("general statutes do not apply to the State unless the State is specifically mentioned therein").

The absolute and unqualified protection of sovereign immunity extends to suits against State "departments, *institutions* and agencies." *RPR & Assocs. v. State*, 139 N.C. App. 525, 528, 534 S.E.2d 247, 250 (2000) (emphasis added), *aff'd*, 353 N.C. 362, 543 S.E.2d 480 (2001) (citation omitted). As a sovereign, the State of North Carolina is immune from suit absent its consent to be sued or waiver of immunity. *Welch Contr., Inc. v. N.C. DOT*, 175 N.C. App. 45, 51, 622 S.E.2d 691, 695 (2005) (citing *Battle Ridge Cos. v. N.C. DOT*, 161 N.C. App. 156, 157, 587 S.E.2d 426, 427 (2003)). GTCC, as a community college and an institution of the State,[2] is authorized to waive its governmental immunity from liability through the purchase of liability insurance for negligent or tortious conduct that results in bodily injury or property damage. N.C. Gen. Stat. § 115D-24 (2005). GTCC is also authorized to waive its immunity by purchasing insurance to cover liability for workers' compensation claims.

NCIGA argues the net worth provision compels its right to reimbursement from GTCC and that GTCC has waived its sovereign immu-

---

2. *See Miller v. Guilford Tech. Comm. College*, 1998 US. Dist. LEXIS 15153, *6 (M.D.N.C. June 15, 1998) (concluding "GTCC is an alter ego of the [S]tate" of North Carolina).

nity by purchasing workers' compensation liability insurance from Reliance. We are ultimately unpersuaded by these arguments. First, the cases cited by NCIGA from other jurisdictions are not instructive where they fail to analyze whether the sovereign immunity defense is a bar to a guaranty association's right to reimbursement from a State agency. *See, e.g., Borman's, Inc. v. Mich. Prop. & Cas. Guar. Assoc.*, 925 F.2d 160 (6th Cir. 1991) (upholding as constitutional Michigan's net worth provision); *Minn. Ins. Guar. Ass'n v. Integra Telecom, Inc.*, 697 N.W.2d 223, 231 (Minn. 2005) (permitting the guaranty association to recover from an insured with a net worth over $25 million); *Rhode Island Insurer's Insolvency Fund v. Leviton Mfg. Co.*, 716 A.2d 730, 735 (R.I. 1998) (upholding as constitutional Rhode Island's net worth provision allowing for reimbursement). In fact, no legal authority exists to support a guaranty association's right to seek reimbursement from a State agency which has asserted sovereign immunity.

NCIGA's second argument, that GTCC has waived sovereign immunity, also fails. With respect to workers' compensation claims against GTCC, the Community Colleges Act provides that "all institutional employees" are protected under Chapter 97 of the General Statutes of North Carolina (Workers' Compensation Act). N.C. Gen. Stat. § 115D-23 (2005). Further, community colleges are authorized to "purchase insurance to cover workers' compensation liability." *Id.* Accordingly, our General Assembly has explicitly waived GTCC's sovereign immunity only as to its institutional employees raising valid workers' compensation claims. However, and most notably, the General Assembly is silent as to any claims for *reimbursement* NCIGA has against the State.

Accordingly, we have found no provision in the North Carolina General Statutes that presents a "clear waiver" of GTCC's sovereign immunity or a "plain, unmistakable mandate" for waiver of sovereign immunity. Absent clear proof that the State has waived sovereign immunity pursuant to the reimbursement provision of the Guaranty Act, we are compelled to reverse the trial court's denial of defendant's motion to dismiss. *See Sellers v. Rodriguez*, 149 N.C. App. 619, 623, 561 S.E.2d 336, 339 (2002) (holding in order to state a cognizable claim against a government entity plaintiff "must allege and prove" waiver of sovereign immunity).

Moreover, dismissal is appropriate "where the face of the complaint discloses some insurmountable bar to recovery." *Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d

201, 203 (2005). As discussed above, accepting the factual allegations in NCIGA's complaint as true, dismissal is proper because NCIGA cannot defeat GTCC's sovereign immunity defense. NCIGA's allegations fail to state a claim upon which relief can be granted. We therefore reverse the trial court's denial of defendant's motion to dismiss.

Reversed.

Judges WYNN and HUNTER concur.