CITIBANK, SOUTH DAKOTA, N.A., Plaintiff
v.
W. S. BOWEN, Defendant
No. COA08-392
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Bernhardt and Strawser, P.A., by Charles C. Euripides and Tonya L. Urps, for plaintiff-appellee.
W. S. Bowen, defendant-appellant, pro se.
HUNTER, Judge.
Citibank, South Dakota, N.A. ("plaintiff") filed an action in the District Court of Harnett County on 13 March 2007 to recover an outstanding credit card debt from W. S. Bowen ("defendant") in the amount of $18,716.17. Defendant filed a motion to dismiss and a motion for summary judgment on 22 June 2007. Plaintiff filed a motion for summary judgment on 19 July 2007 with an accompanying affidavit and evidence of the amount owed by defendant. The parties' motions were heard on 5 November 2007 and the court granted plaintiff's motion for summary judgment, ordering defendant to pay the amount sought plus attorney's fees. Defendant appeals this judgment. After careful review, we affirm.

I.
Defendant first argues that the district court erred in failing to remove the case to superior court as the amount in controversy exceeded $10,000.00.
Defendant is correct in his assertion that the superior court was the proper venue as the amount in controversy exceeded $10,000.00. N.C. Gen. Stat. § 7A-243 (2007). However, N.C. Gen. Stat. § 7A-242 (2007) states in pertinent part:
[N]o judgment rendered by any court of the trial divisions in any civil action or proceeding as to which the trial divisions have concurrent original jurisdiction is void or voidable for the sole reason that it was rendered by the court of a trial division which by such allocation is improper for the trial and determination of the civil action or proceeding.
Here, defendant never moved to transfer his case to superior court. "Failure of a party to move for transfer within the time prescribed is a waiver of any objection to the division . . . ." N.C. Gen. Stat. § 7A-257 (2007). Defendant cannot raise on appeal improper venue in the district court as he did not object on these grounds prior to the final dispensation of the case. See Peoples v. Peoples, 8 N.C. App. 136, 143, 174 S.E.2d 2, 7 (1970).
Defendant also claims that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., applies in this case and therefore the district court lacked jurisdiction to hear the matter. Defendant does not point to any section of the FDCPA that applies to this case and we find that it does not apply. "The FDCPA is a [federal] consumer protection statute that was created in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, 398 F.3d 995, 997 (8th Cir. 2005). With regard to who is governed by this law, "'[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.'" Id. at 998 (alteration in original; citation omitted). In this case, plaintiff was a creditor of defendant as defendant owed money on a credit card issued by plaintiff. Plaintiff was attempting through litigation to collect the unpaid and undisputed debt owed by defendant. Plaintiff is not a debt collector, but assuming arguendo that it is, defendant has not asserted that plaintiff violated any provisions of the FDCPA in its attempt to collect money owed on defendant's credit card.
Because defendant did not properly move to have the case transferred to superior court and there were no federal questions involved, the district court's judgment should not be disturbed on the grounds argued by defendant.

II.
Defendant next argues that the court improperly applied the case of Citibank, S.D., N.A. v. Palma, 184 N.C. App. 504, 646 S.E.2d 635 (2007). At the hearing, plaintiff presented this case to show, "as a national bank which is registered under the NBA, National Banking [sic] Act, that Citibank is not required to be locally registered in North Carolina, or to abide by state banking regulations where it is a national bank." The Palma Court did not say that a national bank is not required to register in North Carolina or that it does not have to abide by state banking regulations in general. In that case, the Court specifically said that the National Bank Act preempted North Carolina state law when a credit card holder wished to assert a defense of usury against a national bank (Citibank), when Citibank had brought an action to collect on a debt owed. Id. at 508, 646 S.E.2d at 638. Therefore, the holding in Palma does not mirror the statement made by plaintiff's counsel; however, plaintiff is accurate in its assertion that it can bring an action in North Carolina, even though it does not have a place of business here nor is it registered with the Secretary of State. 12 U.S.C. § 24 (2001) provides:
Upon duly making and filing articles of association and an organization certificate a national banking association shall become, as from the date of the execution of its organization certificate, a body corporate, and as such, and in the name designated in the organization certificate, it shall have power
. . .
To sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons.
Defendant was a citizen of North Carolina when the action was filed, and plaintiff had a right to utilize the court system in this state to collect a debt owed by defendant. Therefore, even if the district court judge relied on Palma without examining the case, as defendant alleges, defendant was not prejudiced. We find no merit in this assignment of error.

III.
Defendant next contends that the district court erred in denying his motion for summary judgment. This argument is also without merit.
A motion for summary judgment should be granted if there is no "genuine question of material fact" and the "moving party is entitled to judgment as a matter of law." Gregorino v. Charlotte-Mecklenburg Hospital Authority, 121 N.C. App. 593, 595, 468 S.E.2d 432, 433 (1996) (citations omitted). Plaintiff and defendant filed motions for summary judgment in this matter. Both parties were correct that no genuine issue of material fact existed, and the trial court did not err in its determination that plaintiff, rather than defendant, was entitled to judgment as a matter of law.
The pleadings show that defendant did not dispute the amount owed to plaintiff and he made no arguments concerning his duty to pay the money. Plaintiff presented the court with all credit card statements for defendant dating back to March 2004, as well as the card agreement and an affidavit from plaintiff's custodian of records stating the amount owed. Defendant presented no affidavits or supporting documentation for any theory he may have had, and made no arguments that were appropriate for summary judgment review. Therefore, the trial court did not err in denying defendant's motion for summary judgment.
Defendant's claim that the submission of an affidavit violates his right to confront witnesses against him underCrawford v.Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), a criminal case, is wholly without merit. The use of affidavits on a motion for summary judgment is permitted under N.C. Gen. Stat. § 1A-1, Rule 56(a) (2007). Defendant is not entitled to cross-examine the custodian of records simply because she filed a sworn statement in the case. Had a trial been held, defendant would have been entitled to call the witness forth to testify or cross-examine any witness presented by plaintiff.

IV.
Defendant's final argument is that the district court erred in denying his motion to dismiss. This Court reviews a denial of a motion to dismiss de novo. N.C. Ins. Guar. Ass'n v. Board of Trs. of Guilford Technical Cmty. College, 185 N.C. App. 518, 520, 648 S.E.2d 859, 860 (2007).
Defendant alleged in his motion to dismiss that: (1) the court lacked subject matter jurisdiction as there were federal questions presented; (2) the court did not have personal jurisdiction over plaintiff; (3) plaintiff failed to present the contract between the parties to the court; and (4) plaintiff failed to state a claim upon which relief could be granted.
In his arguments, defendant does not present grounds for dismissing the case. As stated above, plaintiff could bring an action in North Carolina. Neither party sought to remove the case to federal court; therefore, summary judgment was properly issued in state court. Furthermore, plaintiff conceded to personal jurisdiction when it commenced litigation in North Carolina. While plaintiff did not present a signed contract, defendant is not arguing that no contract existed or that he did not owe the money. Finally, plaintiff alleged in the complaint that the amount of $18,716.17 was owed by defendant to plaintiff, which is a claim upon which relief can be granted. Thus, the motion to dismiss was appropriately denied.
For the foregoing reasons, we affirm the trial court's order of summary judgment.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).